LIPSCOMB   *v.*   SHOFNER.

*(Nashville.*   January   29,   1896.)

MALICIOUS PROSECUTION.   *Lies when.*

An action for malicious prosecution will lie when a civil suit, brought maliciously and without probable cause, has resulted in actual damages, although it was begun by mere personal service of process, and was unattended by attachment of property or deprivation of personal liberty.

Cases cited and approved: Smith *v.* Story, 4 Hum., 172; Smith *v.* Eakin, 2 Sneed, 461; Doll *v.* Cooper, 9 Lea, 576; Renkert *v.* Elliott, 11 Lea, 236.

Cited and distinguished: Turner *v.* Turner, 85 Tenn., 387; Roulston *v.* Jackson, 1 Sneed, 128.

FROM   BEDFORD.

Appeal in error from Circuit Court of Bedford County.   W. C. HOUSTON, J.

MYERS & PARKER for Lipscomb.

COOPER & COOPER for Shofner.

BEARD, J.   This is an action to recover damages for the malicious prosecution of a civil suit begun with an ordinary summons, and unaccompanied with an attachment or seizure of the property.   The trial

Judge, in his charge, said to the jury that, if they found the suit in question was brought maliciously and without probable cause, resulting in actual damage to the present plaintiff, then this action could be maintained. This instruction, it is now insisted, is erroneous.

That malicious prosecution is a proper action in which to recover damages for the institution of a civil suit with malice and without probable cause, accompanied with seizure of property, or an arrest of the person, is very clear. But whether it can be maintained where the suit which is the subject of complaint was begun by personal service of process, without attachment of property or deprivation of personal liberty, is a question about which there is much diversity of opinion among the Courts.

The cases, so far as we have been able to examine them, agree that, prior to the statute of Marlbridge, 52 Henry III., actions to recover damages for the malicious prosecution of suits where neither the person nor property was interfered with were entertained by the English Courts. That Act, it seems, for the first time gave full costs to the successful party, and thereafter those Courts declined to allow such suits, except possibly in a case where a party maliciously and groundlessly prosecuted a suit in the name of an insolvent third party, out of whom the successful defendant failed to make the costs allowed him. *Closson* v. *Staples*, 42 Vt., 209 (S. C., 1 Am. Rep., 316).

8—12 P

But it is to be observed that the costs recoverable under that statute were far more liberal and compensatory in their character than under the statutes of any of the States of this country, so far as we have any knowledge of them. Under it, the judgment might include the attorney's charges for preparing the cause for trial in all its parts, the fees of the witnesses and the Court officials, and even the honorarium of the barrister who made the argument. *Eastin* v. *Bank of Stockton*, 66 Cal., 123 (S. C., 56 Am. R., 77).

In this country a number of Courts have adopted the English rule that the measure of damages in a mere civil action of a successful defendant is statutory costs—that these alone must suffice as compensation for his wrong, however inadequate they may be for this purpose. *McNamee* v. *Minke*, 29 Md., 122; *Muldom* v. *Ridley*, 103 Pa. St., 110; *Bitz* v. *Myer*, 40 N. J. L., 252; *Mitchell* v. *S. W. R. R. Co.*, 75 Ga., 398; *Witmore* v. *Millinder*, 64 Iowa, 741 (S. C., 52 Am. Rep., 465).

The view of these Courts is expressed in the last cited of these cases, and is as follows: "The Courts are open and free to all who have grievances and seek redress; therefore, there should be no restraint upon a suitor through fear of liability resulting from failure in the action, which would keep him from the Courts. He ought not, in ordinary cases, to be subject to a suit for bringing an action, and be required to defend against the charge of malice and

want of probable cause." On the other hand, a large number of the Courts of this country have maintained these actions upon the ground that taxable costs are confined, in their respective States, within very narrow limits, and that they fall far short of affording compensation for his necessary expenses to a defendant upon whom has been forced a groundless suit by a litigious and malicious adversary, and they furnish no redress for the injury of which he has been made the victim. These Courts have held that these statutory costs are provided for the successful party in a suit begun and prosecuted in good faith. "In suits so brought and prosecuted, the defendant may be subjected, or he may subject himself, to expenses not recoverable, even if the suit terminates in his favor, but of this he has no legal ground to complain when the suit is brought and prosecuted in good faith, because it is the ordinary and natural consequence of a uniform and well-regulated system, to which all parties in civil actions are required to conform." *Closson* v. *Staples, supra.*

But it is otherwise with the party who groundlessly and maliciously sets in motion the formidable machinery of the Courts to harrass and oppress his neighbor. He abuses the process of the law intended for parties who act in good faith, and his offense is of the same character, and only less in degree, with that of one who accompanies such an action with the seizure of the person or the property of the defendant. To refuse a remedy for the wrong

in either case would violate the well-recognized rule of the common law that no injury, improperly inflicted, shall go unredressed. The spirit of this rule, if not its letter, requires the Courts, in every case where they find that one, in bad faith, has prostituted their process to gratify his malice, to afford the party so wronged personal redress for the damage sustained by him, when this is found to be in excess of the taxable costs of the suit.

As was said by the Supreme Court of Kentucky in *Woods* v. *Finnell*, 13 Bush, 628, "where the claim is not only false, but the action is prompted alone by malice and without probable cause, the defendant's right of recovery for the expenses incurred and damages sustained should be as fully recognized as if his property had been attached or his body had been taken charge of by the Sheriff. While the damages may be less in the one case than in the other, the legal right exists, and some remedy should be afforded." Nor do we think that the recognition of this as a cause of action will tend to produce unnecessary litigation, for the burden of establishing malice and want of probable cause, with the cost attending a failure, will tend to prevent the reckless bringing of actions of malicious prosecution.

Upon an examination of the cases, we are satisfied that the great weight of authority sustains the Circuit Judge in this instruction. In addition to the cases already cited, we refer to *McCardle* v.

*McGinley*, 86 Ind., 538 (S. C., 44 Am. Rep., 343); *Whipple* v. *Fuller*, 11 Conn., 582 (S. C., 29 Am. Dec., 330); *Vanduzen* v. *Linderman*, 10 Johns., 106; *Pangham* v. *Bull*, 1 Wend., 345; *Cox* v. *Taylor*, 10 B. Mon., 17; *Marburg* v. *Smith*, 11 Kan., 554; *Payne* v. *Donegan*, 9 Ill. App., 566; *Hoyt* v. *Mc-Caul*, 2 Col., 113; *Johnson* v. *Myer*, 36 La. Ann., 333; *Smith* v. *Burns*, 106 Mo., 94 (S. C., 13 L. R. A., 59); 87 Mich., 477 (S. C., 10 L. R. A., 622).

The precise question has not been made before in this State, but in *Smith* v. *Story*, 4 Hum., 172; *Smith* v. *Eakin*, 2 Sneed, 461; *Doll* v. *Cooper*, 9 Lea, 576; and *Renkert* v. *Elliot*, 11 Lea, 236, it was held that damages may be recovered for the wanton abuse of process in suing out and bringing an attachment, and we think that in these cases may be found authority for the present action. It is proper to say there is no conflict between this conclusion and the cases of *Turner* v. *Turner*, 85 Tenn., 387, and *Raulston* v. *Jackson*, 1 Sneed, 128. These cases were actions of malicious prosecution growing out of criminal proceedings. In *Turner* v. *Turner* the declaration was demurred to for failing to aver malice and a want of probable cause. The demurrer was overruled. On appeal, this Court said: "The action for malicious prosecution is only intended to apply to cases where a criminal accusation is made against an innocent man through malice and in the absence of probable cause." The

Court did not say, nor did it intend to say, that it was confined to cases of criminal prosecutions, but simply, so far as they were concerned, to those only which were set on foot maliciously and in the absence of probable cause. And so an examination of *Raulston* v. *Jackson* will show that the Court intended to place the same limitations upon this action, arising, as that case did, out of a criminal charge. In neither case did this Court intimate that the action would not lie for setting on foot and prosecuting a civil suit maliciously and without reasonable ground for so doing.

The judgment of the Court below is affirmed.