Edgar A. Ryerson

*v.*

American Surety Company of New York

373 S.W. 2d 436

(*Jackson,* April Term, 1963.)

Opinion filed December 5, 1963.

THOMAS J. GRIFFIN, Memphis, for plaintiff in error.

LAKE HAYS, LAUGHLIN, WATSON, CRESON, GARTHRIGHT & HALLE, Memphis, for defendant in error.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal from the action of the trial judge in sustaining the defendant's demurrer to the plaintiff's declaration. The sole question raised on this appeal is whether the plaintiff's declaration states a cause of action.

In this declaration, plaintiff alleges that on May 30, 1961, the defendant instituted a civil action against him; that the action was subsequently terminated in the plaintiff's favor; that it was brought maliciously and without probable cause; and that as a result of the institution and prosecution of this lawsuit, he has incurred certain expenses and suffered injury to his professional reputation as a C.P.A. For convenience the prior action on which this action is based will hereinafter sometimes be referred to as the first suit.

The defendant does not contend that an action will not lie from malicious prosecution of a civil suit. That such an action will lie has been recognized in this State since the case of *Lipscomb v. Shofner,* 96 Tenn. 112, 33 S.W. 818 (1896). But the defendant does contend that this particular action cannot be maintained because the declaration "shows on its face that all allegations attributable to the defendant grew out of certain statements contained in a suit styled *Hughes Grocery Company v. Edgar A. Ryerson* * * * and are absolutely privileged; and therefore cannot be used as a basis for a suit in the State of Tennessee."

After stating the style of the first suit, the plaintiff's declaration recites certain allegations in the first suit; and in a subsequent part of the declaration, he alleges that the "slightest investigation" would have revealed that these allegations in the first suit were not true.

These are the "statements" to which the demurrer apparently has reference.

In support of its contention, the defendant cites the case of *Jones v. Trice,* 210 Tenn. 535, 360 S.W.2d 48 (1962). In Jones we held that: "statements made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged" and that, therefore, the plaintiff could not maintain an action for libel grounded on a statement made in the motion for a new trial. But we did not hold that the falsity of a statement made in the course of a judicial proceeding could not be used to show that there was a lack of probable cause for the institution of the proceeding.

It must be kept in mind that the suit now before us is a malicious prosecution suit and not a defamation suit. A malicious prosecution action is one to recover damages caused by a judicial proceeding instituted with malice and without probable cause. Such damages are allowable under such an action as proximately result to the plaintiff, his person, property, or reputation from a previous unsuccessful civil or criminal proceeding which was prosecuted without probable cause and with malice. A libel action, such as was considered in Jones, supra, is written defamation, while slander is a spoken defamation. The present action is thus in nowise controlled by *Jones v. Trice,* supra.

In sustaining the defendant's demurrer, the trial judge apparently concluded that the plaintiff was seeking to maintain an action for defamation based on false statements made in the course of the first suit. This was an erroneous conclusion. The declaration in this case does set forth some of the allegations in the first suit,

but this was merely descriptive of the prior suit upon which this malicious prosecution action is based. An action for malicious prosecution, by its very nature, must be brought with reference to some other judicial proceeding. Thus one of the essential allegations in an action for malicious prosecution is that a prior suit has been instituted. While the incorporation of these descriptive allegations in the plaintiff's declaration may have been surplusage since he had already recited the style of the first suit, their inclusion does not turn this action from malicious prosecution into an action for defamation.

■ In alleging that some of the allegations of the first suit are not true, the plaintiff is merely attempting to support his allegations that there was lack of probable cause for bringing the first suit. The plaintiff is not concerned with the falsity of these statements as a basis for a defamation action. The gravamen of the plaintiff's action is not the false statements, but rather the very institution of the first suit. The plaintiff on the trial may deem it necessary to prove that certain statements made in the first trial were false in order to help make out an element of his action, e. g., malice or lack of probable cause; but the false statements would only be evidence of the element sought to be shown. They would not be the gravamen of the action.

■ The plaintiff has stated a cause of action sounding in tort for malicious prosecution. The demurrer should have been overruled. It results that the judgment must be reversed and the case remanded for further plea and trial on the merits. The costs of appeal are adjudged against the defendant, while the costs below will await the outcome there.