Frances Kauffman, Individually and dba Kauffman
Apothecary and Medical Laboratory,

*v.*

A. H. Robins Company, Inc.

448 S.W.2d 400

(*Jackson*, April Term, 1969.)

Opinion filed December 12, 1969.

Eulyse M. Smith, Memphis, for plaintiff in error.

James W. McDonald, Jr., Memphis, Canada, Russell & Turner, Memphis, of counsel, for defendant in error.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal in error from the Circuit Court of Shelby County. That court sustained a demurrer filed by A. H. Robins Company, Inc., and dismissed the suit of Frances Kauffman.

The parties will be referred to herein as they appeared in the trial court; that is, Frances Kauffman, individually

and dba Kauffman Apothecary and Medical Laboratory, as plaintiff, and A. H. Robins Company, Inc., as defendant.

On September 17, 1968, plaintiff filed her declaration, the essence of which charged defendant with malicious prosecution.

It was alleged that defendant, a manufacturer of drugs and pharmaceutical preparations, filed a complaint with the State of Tennessee Board of Pharmacy, charging plaintiff with substituting a medical preparation for defendant's product Donnatal. The declaration further avers that this complaint was filed falsely and maliciously.

As a result of the complaint, plaintiff was cited to appear before the State Board of Pharmacy. After a hearing, plaintiff was exonerated of the charge. It is now alleged that plaintiff suffered loss of business, loss of reputation, and incurred expense in defending the action before the Board of Pharmacy.

On September 26, 1968, defendant filed a demurrer to plaintiff's declaration, and for ground stated:

"Under the law of Tennessee no suit for malicious prosecution can be maintained unless there has been a prior judicial proceeding which was alleged to have been falsely or maliciously prosecuted."

On December 20, 1968, the trial judge entered an order sustaining defendant's demurrer; and holding that a cause of action for malicious prosecution "requires a prior proceeding in a civil or criminal court."

Plaintiff prayed and was granted an appeal to this Court; and assigns as error the following:

1. It was error for the Trial Judge to dismiss plaintiff's cause of action.

2. It was error for the Trial Judge to hold that a cause of action could not be had against a defendant who filed a false, malicious complaint without probable cause against a registered pharmacist before the Tennessee State Board of Pharmacy where the complainant sought to impose disciplinary action against the plaintiff and where the Board had been empowered by statute to revoke or suspend plaintiff's license after a hearing.

3. It was error for the Trial Court to hold that the Tennessee Board of Pharmacy was performing no judicial act or proceeding in hearing the complaint filed by defendant company against plaintiff in an effort to have disciplinary action taken against plaintiff such as charging her with a crime so as to revoke her license or impose a fine.

4. It was error for the Trial Court to rule that in Tennessee you cannot have a malicious prosecution or malicious abuse of process cause of action based on a wrongful malicious complaint being filed without probable cause before The Tennessee State Board of Pharmacy, an Administrative Board, and that to state such a cause of action it must have been filed either before a criminal or civil court.''

■ The essential elements of an action for malicious prosecution are that a prior suit or judicial proceeding has (1) been instituted and finally determined in favor of the plaintiff, (2) brought through malice on the defendant's part, and (3) without probable cause. See *Pharis v. Lambert* (1853) 33 Tenn. 228; *Ryerson v. Amer-*

*ican Surety Company of New York* (1963) 213 Tenn. 182, 373 S.W.2d 436.

While the action for malicious prosecution originally arose only from criminal proceedings, it is now generally recognized that such an action will lie from malicious institution of a civil suit. 34 Am.Jur., p. 707 (Malicious prosecution— sec. 10).

There is authority for the rule that an action for malicious prosecution will not lie from a civil suit, in the absence of an arrest of the person, seizure of property or of other special injury. See annotation in 150 A.L.R. 897.

This Court, in the case of *Lipscomb v. Shofner* (1896) 96 Tenn. 112, 33 S.W. 818, held that an action for malicious prosecution was maintainable in case of the institution of a civil suit which resulted in actual damage to the plaintiff, even though there was no seizure of property or deprivation of personal liberty.

In the above case, speaking on the abuse of legal process for the purpose of harassment and oppression, this Court stated:

"To refuse a remedy for the wrong in either case would violate the well-recognized rule of the common law that no injury, improperly inflicted, shall go unredressed. The spirit of this rule, if not its letter, requires the courts, in every case where they find that one in bad faith has prostituted their process to gratify his malice, to afford the party so wronged personal redress for the damage sustained by him * * *."

In recent years, it has been recognized that much of the jurisdiction formerly restricted to the courts, has been transferred to administrative agencies; and that

much new jurisdiction involving private rights and penal consequences has been invested in them. See *Melvin v. Pence* (1942) 76 U.S.App.D.C. 154, 130 F.2d 423, 143 A.L.R. 149.

An examination of the authority of the Tennessee State Board of Pharmacy clearly places it in the category of having the power to impose penalties upon or to take other action adversely affecting the legally protected interests of those under its jurisdiction.

The Board, under T.C.A. sec. 63-1020, is vested with power to conduct investigations and hold hearings in regard to violation of the pharmacy laws, upon its own initiative, or upon any complaint being lodged with the Secretary of the Board. After proper hearing, the Board may revoke any license or assess a civil penalty, not in excess of $500. In any investigation, or hearing, the Board is vested with subpoena powers and power to administer oaths to witnesses.

Any person aggrieved by the action of the Board by the revocation of his pharmacy license, or otherwise, may have the action of the Board reviewed by the writ of certiorari to the Chancery or Circuit Court as provided by T.C.A. sec. 27-901, et seq.

Defendant argues that the law should limit causes of action for malicious prosecution to prior suits brought before a *criminal* or *civil* court, since no Tennessee cases have ever held that an action for malicious prosecution can be based on prior administrative proceedings.

In support of this argument, defendant cites *Ryerson v. American Surety Co.,* supra. In that case the Court stated:

"* * * An action for malicious prosecution, by its very nature, must be brought with reference to some other judicial proceeding. Thus one of the essential allegations in an action for malicious prosecution is that a prior suit has been instituted. * * *"

■ It is correct to say that no prior published opinion of this Court has held that an administrative proceeding can be the basis for a subsequent malicious prosecution action. However, it is equally correct to say that the reverse is true. It is our view that the "prior judicial proceeding" need not be conducted in a "court" in the strict technical and legal sense; but that certain administrative proceedings are at least "quasi-judicial" to the extent that they may be the basis for a malicious prosecution action, provided all the requisite elements of such an action are both alleged and proved.

Defendant further argues that it should not be subject to a malicious prosecution action since the Board of Pharmacy is not compelled to hold hearings on each and every complaint filed, but may make its own decision as to which cases warrant further action.

■ This situation is not unlike that of reporting violations of the criminal law to law enforcement officers. Where facts are fully disclosed in good faith and with probable cause to believe they are true, a reporting party is not liable in an action for malicious prosecution if the public official erroneously institutes a criminal proceeding. See *Cohen v. Ferguson* (1959) 47 Tenn.App. 165, 336 S.W.2d 949.

■ However, when false or incomplete statements are made to a police officer, with an improper motive, one may be liable for malicious prosecution although he does

not actually initiate the prosecution. *Cohen v. Ferguson,* supra.

■ In the instant case, defendant did actually file a formal complaint with the Board in which it stated that it stood ready to attempt to prove the alleged violation of the pharmacy laws. If this complaint was indeed false, and filed through malice, as alleged in plaintiff's declaration, the fact that the Board of Pharmacy was the agency which instituted and conducted the investigation and hearing does not excuse defendant.

It is also insisted that to allow causes of action for malicious prosecution as a result of hearings held before administrative bodies might tend to inhibit the free use of such bodies.

■ The freedom to use the courts and other tribunals having some quasi-judicial functions should not be impeded. On the other hand, when malice motivates a specious claim, which results in injury to the legally protected rights of another, a remedy should be afforded. The same harmful consequences may result from malicious prosecution in this type of proceeding as from strictly judicial proceedings.

■ There is a heavy burden of proof on the plaintiff in malicious prosecution actions in establishing malice and lack of probable cause. See *Lipscomb v. Shofner,* supra. It is our view that the reporting of valid complaints, if supported by probable cause to believe they are true, should not and will not be inhibited.

It is further contended that the party filing the complaint with the Board of Pharmacy has no right to appeal from a decision adverse to him, while on the other hand,

one who has been found guilty of a violation of the pharmacy laws does have the right to an appeal.

The absence of a right to appeal from the decision of an administrative tribunal has been held to be immaterial to the existence of a right of action for malicious prosecution based upon the instigation of administrative proceedings. *Melvin v. Pence,* supra; *Hardy v. Vial* (1957) 48 Cal.2d 577, 311 P.2d 494, 66 A.L.R.2d 739.

We consider this situation to be somewhat analogous to that where one maliciously instigates criminal proceedings against another. Neither does the party initiating the prosecution in that instance have the right to an appeal in the event the person charged is acquitted.

Since there are no prior published decisions of this Court on this particular subject, we consider it useful to examine authorities from other jurisdictions.

Perhaps the landmark case on this issue is *Melvin v. Pence,* supra. In that case the defendant had instituted proceedings before the licensing authorities of the District of Columbia which resulted in the Board's temporary refusal to renew plaintiff's detective license. The cause, on appeal, terminated in plaintiff's favor. Justice Rutledge, speaking for the Court of Appeals for the District of Columbia, held that a claim for malicious prosecution would lie. In the course of the opinion, he stated:

"* * * When private as well as public rights more and more are coming to be determined by administrative proceedings, it would be anomalous to have one rule for them and another for the courts in respect to redress for abuse of their powers and processes. * * *"

■ It is argued that the *Melvin* case can be readily distinguished from the case at bar, in that the plaintiff was deprived of his license for one month before any hearing was held by the Board. Under T.C.A. sec. 63-1020, the State Board of Pharmacy may revoke licenses only after a hearing. Defendant further avers that plaintiff is not complaining of any deprivation through an order of the Board of Pharmacy, but of the adverse publicity which resulted from the hearing, over which defendant had no control.

This argument does not address itself to the substance of the present problem, but is pertinent only to the issue of damages, which are not in issue at this point.

In *National Surety Co. v. Page* (1932-C.C.A. 4th) 58 F.2d 145, the issue was whether an action for malicious prosecution could be based upon a proceeding under a Virginia statute to revoke the license of an insurance agent. The Court noted that such an action was not, strictly speaking, either a criminal or a civil action; but, like a criminal action it should be instituted for the protection of the public, not for the benefit of an individual. The Court, speaking through Parker, J., further stated:

"* * * If it be instituted maliciously and without probable cause, we see no reason why the party injured thereby should not have redress in an action in damages just as he would in the case of a groundless criminal prosecution. * * *"

In *Dixie Broadcasting Corp. v. Rivera* (1952) 209 Ga. 98, 70 S.E.2d 734, it was held that a proceeding filed with the Federal Communications Commission would provide the foundation for an action for malicious prosecution. In that case it was recognized that the Federal Com-

munications Commission is not, strictly, a court, but that it does have quasi-judicial powers.

In *Carver v. Lykes* (1964), 262 N.C. 345, 137 S.E.2d 139, the Supreme Court of North Carolina held that a complaint filed with real estate licensing board charging one with misconduct would support a malicious prosecution action, provided all the common law elements of that action were present.

In the above case the Court stated:

"The weight of authority in this country now supports the view that, under certain circumstances, an action for malicious prosecution may be predicated upon the prosecution, institution, or instigation of an administrative proceeding where such proceeding is adjudicatory in nature and may adversely affect a legally protected interest."

In Vol. 3, Restatement of Law, Torts, sec. 680, it is said:

"One who initiates or procures the initiation of civil proceedings against another before an administrative board which has power to take action adversely affecting the legally protected interest of the other, is subject to liability for any special harm caused thereby, if (a) the proceedings are initiated (i) without probable cause to believe that the charge or claim on which the proceedings are based is well founded, and (ii) primarily for a purpose other than that of securing appropriate action by the board, and (b) the proceedings have terminated in favor of the person against whom they are brought."

Considering the points discussed and authorities cited, it is our opinion that the facts alleged in plaintiff's declaration state a maintainable cause of action. It follows that the decision of the trial court is reversed and the cause remanded for further proceedings. Costs of the cause are assessed against A. H. Robins Company, Inc.

DYER, CHIEF JUSTICE, McCANLESS, JUSTICE, and JENKINS and BOZEMAN, SPECIAL JUSTICES, concur.