Frances L. LEWIS, David M. Woods and Simon E. Morrow, individually and in their official capacity as Metropolitan Police Officers, Appellants,

v.

Thomas C. ALLEN, Jr., Appellee.

Supreme Court of Tennessee,
at Nashville.

May 6, 1985.

Rehearing Denied Oct. 14, 1985.

Stephen W. Pate, Lionel R. Barrett, Jr., P.C., Nashville, for appellants.

Sabin R. Thompson, Edwards & Thompson, Nashville, for appellee.

## OPINION

FONES, Justice.

We granted this Rule 11 application for permission to appeal to determine whether the complaint filed by plaintiffs stated a cause of action for malicious prosecution. The Court of Appeals correctly dealt with the alleged cause of actions based upon slander and intentional interference with an advantageous relationship, but we are

of the opinion that further proceedings are necessary to determine the question of whether the Internal Security Section of the Metro Police Department is a quasi-judicial or administrative body as defined in *Kauffman v. A.H. Robins Co.*, 223 Tenn. 515, 448 S.W.2d 400 (1969).

Plaintiffs allege in their complaint that on or about February 24, 1983, Francis L. Lewis, a Nashville Metropolitan police officer was interrogating a motorist when appellee, Thomas Allen, approached the scene and interfered with the officer's duties. Officer Lewis then arrested appellee, and, in response to Lewis's call for assistance, officers David Woods and Simon Morrow arrived on the scene. The officers observed in plain view inside appellee's automobile a large amount of cash, which when counted and inventoried, totaled $11,000.35. The officers placed the money in appellee's briefcase and turned it over to the Metropolitan Police Department's property and evidence room.

Later that same afternoon, appellee posted bond and immediately appeared before the Metropolitan Police Department's Internal Security Section where he alleged that he had approximately $25,000 in cash when arrested, and the officers had failed to turn in the balance of $13,999.65 and had retained this amount for themselves, thus accusing the three officers of grand larceny. Following Allen's allegations, the police officers were called before the Internal Security Section and confronted with appellee's allegation of grand larceny, which each officer denied. As part of the Internal Security Section investigation, each officer's patrol car was searched, but the searches proved negative. On March 11, 1983, the Internal Security Section made the determination that Allen's allegation of grand larceny was unfounded, and each officer was eventually cleared of any unprofessional or criminal conduct, with a written notice from the Internal Security Section delivered to each officer, dated on or about October 20, 1983. Plaintiffs alleged that "the administrative proceeding instituted by defendant against them is quasi-judicial" and alleged that defendant acted maliciously and without probable cause.

In considering a Rule 12.02(6) motion to dismiss, we are required to take the allegations of the complaint as true and to construe the allegations in favor of the plaintiff. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn.1984). "A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless it undoubtedly appears that no set of facts can be proved in support of the plaintiff's claims that would entitle him to relief." *Bellar v. Baptist Hospital, Inc.*, 559 S.W.2d 788, 790 (Tenn.1978).

Plaintiffs insist that Allen is liable for malicious prosecution on the theory that when they were required to appear before the Internal Security Section of the Metropolitan Police Department this constituted an institution of a quasi-judicial administrative proceeding.

This Court held in *Kauffman* that the essential elements of an action for malicious prosecution are that a prior suit or judicial proceeding has been instituted and finally terminated in favor of the plaintiff, brought through malice on the defendant's part, and without probable cause.

This complaint in this case clearly alleges the institution of charges by defendant that were terminated in plaintiffs' favor, and alleges that he acted maliciously and without probable cause. The single issue here is whether the Internal Security Section of the Metropolitan Police Department has administrative powers and procedures that, when functioning, as was alleged in this complaint, qualify it as a quasi-judicial proceeding, satisfying the first prerequisite of a malicious prosecution action.

In *Kauffman* this same question was dealt with as an issue of first impression in Tennessee. There defendant instituted charges against plaintiff before the Tennessee State Board of Pharmacy. Since that board was established by the Legislature, the Court was able to judicially note its powers and procedures expressed in the

statutes. The Court noted that the Board clearly had the "power to impose penalties upon or take other action adversely affecting the legally protected interests of those under its jurisdiction." Furthermore, the Board, by statute, was vested with the power to conduct investigations, hold hearings, levy fines not in excess of $500.00, and revoke the license of pharmacists.

The *Kauffman* court recognized that:

[T]he "prior judicial proceeding" need not be conducted in a "court" in the strict technical and legal sense; but that certain administrative proceedings are at least "quasi-judicial" to the extent that they may be the basis for a malicious prosecution action, provided all the requisite elements of such an action are both alleged and proved.

223 Tenn. at 522, 448 S.W.2d at 403.

In this case, as the Court of Appeals observed, there is nothing in the complaint or the statutes with respect to the powers and procedures of the Internal Security Section of the Metropolitan Police Department from which to make a determination of whether it is a quasi-judicial or administrative body under *Kauffman*. However, we do not regard that as fatal to plaintiffs' resistance to defendant's position that their complaint does not state a cause of action for malicious prosecution.

■ We interpret *Kauffman* as holding that any administrative tribunal or body duly established to conduct investigations or investigatory hearings and to make adjudicatory findings that may adversely affect legally protected interests of persons subject to its jurisdiction will satisfy the first element of a malicious prosecution action. See also, in addition to the cases cited in *Kauffman, Donovan v. Barnes*, 274 Or. 701, 548 P.2d 980 (1976), and *Groat v. Town Board of Town of Glenville*, 73 A.D.2d 426, 426 N.Y.S.2d 339 (1980).

■ Plaintiffs have alleged in essence that the Internal Security Section received defendant's charges, called them before it to respond, took other investigatory action, and ultimately made an adjudication exon-

erating them. They allege that those actions were quasi-judicial administrative proceedings. We find those allegations sufficient on the questioned element of an action for malicious prosecution, but whether the Internal Security Section's powers and procedures are equivalent to the powers of quasi-judicial or administrative bodies embraced in *Kauffman* remains an issue to be determined upon the proof at trial.

■ We affirm the judgment of the Court of Appeals on the dismissal of plaintiff's causes of action predicated on slander and intentional interference with an advantageous relationship. We reverse that court's dismissal and remand for trial, plaintiffs' cause of action based upon malicious prosecution. The costs of the appeal in this Court are adjudged against defendant.

OPINION ON PETITION TO REHEAR

A petition to rehear has been filed by appellee, Thomas C. Allen, Jr., considered by the Court, found to be without merit, and is respectfully denied.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.