968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen E. MANN, Plaintiff-Appellant,
v.
Brenda ENGLISH, Defendant-Appellee.
 No. 91-6479.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Karen Mann appeals the dismissal of her claims against Brenda English for malicious prosecution. At one time, Karen English Mann was married to E. Gale English. E. Gale English is now married to Brenda English, the defendant. In November of 1989, Mann brought a successful action against her former husband, Mr. English, to modify her divorce decree and increase child support from Mr. English. During the course of the modification proceeding, Mann made statements that were ambiguous and that Brenda English interpreted to be false.
 
 
 2
 English looked into the questionable statements made by Mann to verify their apparent accuracy. After consulting her husband's attorney, Wayne B. Culbertson, English presented the information to the state prosecutor in Rogersville, Tennessee, Douglas Godbee. Even though Godbee believed that the information provided by English was sufficient to present to a grand jury, Godbee took several steps to verify English's information. English then testified before the grand jury, which returned an indictment against Mann. There is no recorded transcript of English's testimony before the grand jury.
 
 
 3
 After the issuance of the indictment, Godbee spoke with Chancellor Dennis H. Inman, who had presided over the child support proceeding between Mann and Mr. English. Inman told Godbee that the points on which Mann had allegedly lied were immaterial to Inman's decision fixing child support; consequently, the case was dismissed against Mann.
 
 
 4
 To make her claim for malicious prosecution under Tennessee law, Mann must show (1) English initiated a criminal proceeding against Mann, (2) the proceeding terminated in Mann's favor, (3) there was an absence of probable cause for the initiation of the proceeding, and (4) there was malice or a primary motive other than justice. See Kauffman v. A.H. Robins Co., 223 Tenn. 515, 519, 448 S.W.2d 400, 402 (Tenn.1969). In Klein v. Elliott, 59 Tenn.App. 1, 10, 436 S.W.2d 867, 872 (Tenn.Ct.App.1968), the court said "[W]hether the circumstances alleged to show [probable cause] are true and existed is a question of fact for the jury. Whether the facts found to be true constitute probable cause is a question of law for the court."
 
 
 5
 Under the standards in Kauffman and Klein, Mann's claim for malicious prosecution against English is fatally flawed. Although the district court found the facts were undisputed and in Mann's favor with regard to the first and fourth elements from Kauffman, the court found that the manner in which the Attorney General terminated the criminal proceeding against Mann did not satisfy the second element. The court also found that Mann could not establish the third element in her claim for malicious prosecution because she was unable to prove a complete absence of probable cause. The "material facts" that Mann alleges remain in dispute and preclude summary judgment have no effect on our determination as to the existence of probable cause. Because there is no record of English's statements under oath to the grand jury, the entire premise of Mann's allegations that English willfully and maliciously lied to the grand jury is eviscerated. Although the trial court at summary judgment did not address English's claim that she properly relied on advice of counsel, her reliance on Culbertson and Godbee also is grounds for dismissal of Mann's claims. See Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (an appellate court may affirm on grounds not discussed by the district court).
 
 
 6
 The judgment of the district court is affirmed.