# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 8, 2015 Session

## KLINE PRESTON v. W. STANFORD BLALOCK, ET AL.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 13C2459     Don R. Ash, Judge**

---

**No. M2014-01739-COA-R3-CV – Filed May 29, 2015**

---

This is a malicious prosecution case. In the underlying case, plaintiff was sued by defendants for abuse of process. That case was resolved on summary judgment in favor of plaintiff. Thereafter, plaintiff filed this case for malicious prosecution. The trial court granted summary judgment in favor of the defendants. Plaintiff appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., and KENNY ARMSTRONG, J., joined.

Jesse Montagnino, Nashville, Tennessee, and G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Kline Preston.

Thomas V. White, Nashville, Tennessee, for the appellees, W. Stanford Blalock and Robert L. Delaney.

## MEMORANDUM OPINION[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

This malicious prosecution suit was filed after we affirmed the trial court's grant of summary judgment in the previous abuse of process lawsuit. *Blalock v. Preston Law*

---

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Grp., P.C.*, No. M2011-00351-COA-R3-CV, 2012 WL 4503187 (Tenn. Ct. App. Sept. 28, 2012). Though we discussed the circumstances that led to the alleged abuse of process in our earlier opinion, we recite them briefly again here.

### Breach of Lease Contract Litigation

On March 3, 2005, Plastic Surgery of Nashville, P.C. ("PSN"), owned by Defendant/Appellee Dr. W. Stanford Blalock, entered into a five year commercial lease of an office suite in Belle Meade Office Park ("Belle Meade"). *Id.* at *1. Dr. Blalock signed the lease on behalf of PSN and in his personal capacity as guarantor of PSN's obligations. *Id.* Dr. Blalock paid rent on the lease for the first month of its term but never moved into the office suite because another opportunity arose. *Id.* Dr. Blalock and Belle Meade attempted to negotiate an agreement under which Dr. Blalock would sublease or assign the lease to another party but were unable to do so. *Id.* Dr. Blalock stopped paying rent on the lease, and Belle Meade declared PSN and Dr. Blalock to be in default on the lease. *Id.*

In August 2005, Belle Meade, acting through its attorney, Plaintiff/Appellant G. Kline Preston, IV (hereinafter "Mr. Preston") filed a complaint in General Sessions Court of Davidson County for breach of contract and failure to pay rent against Dr. Blalock as guarantor of the lease. *Id.* In October 2005, Mr. Preston filed an identical complaint in the same court on behalf of Belle Meade naming PSN as the defendant. *Id.* at *2. Both complaints sought awards of unpaid rent, build out costs, and attorney's fees, which the lease provided would be recoverable by the prevailing party. *Id.* at *1-2. The court entered default judgments in favor of Belle Meade in each of the cases for $39,767 and $36,663 respectively, though it clarified that Belle Meade was only entitled to collect one of the judgments against Dr. Blalock and PSN. *Id.* at *1-2.

Following entry of the default judgments, Dr. Blalock and PSN retained an attorney, Robert L. DeLaney (hereinafter "Mr. DeLaney"), to represent them in the proceedings. PSN timely perfected an appeal of the judgment against it to the Davidson County Circuit Court. *Id.* at *2. On December 8, 2005, Mr. Preston filed a "first amended complaint" for breach of contract against both PSN and Dr. Blalock on behalf of Belle Meade in the circuit court. *Id.* The complaint also included a claim against Dr. Blalock for fraudulent conveyance and asked the court to pierce the corporate veil of PSN. *Id.*

On June 2, 2006, Dr. Blalock paid $42,048 to satisfy the general sessions judgment, which included attorney's fees and post-judgment interest. *Id.* Shortly thereafter, Mr. Preston filed a document titled "partial satisfaction of judgment" and a third complaint in the general sessions court for breach of contract seeking $14,999 in

2

additional attorney's fees.  *Id.*  On July 17, 2006, the general sessions court held that Dr. Blalock had fully satisfied the judgment against him.  *Id.*

On October 13, 2006, Belle Meade filed a voluntary notice of dismissal without prejudice of its circuit court complaint.  *Id.*  Four days later, however, Belle Meade filed another circuit court complaint against both PSN and Dr. Blalock asserting the same breach of contract claim but including a claim for additional rents that had come due since the general sessions judgment, as well as a claim for attorney's fees.  *Id.*  Dr. Blalock argued that no additional rent was due because Belle Meade failed to mitigate its damages by renting out the suite to another tenant.  *Id.*

### *Abuse of Process Lawsuit*

On January 20, 2009, while Belle Meade's second circuit court complaint against PSN and Dr. Blalock was still pending, Dr. Blalock filed a complaint against Mr. Preston for abuse of process in Davidson County Circuit Court.  *Id.*  Dr. Blalock asserted that throughout his dealings with Mr. Preston, Mr. Preston had engaged in acts that amounted to "an unlawful pattern of conduct constituting abuse of process."  *Id.*  These acts included filing a claim against Dr. Blalock as the guarantor before filing a claim against PSN as the principal, filing of a "partial satisfaction of judgment: when the judgment was fully satisfied, giving false and misleading testimony at depositions, and filing a multiplicity of claims in order to drive up the amount of attorney's fees."  *Id.*  Dr. Blalock asked the court for awards of compensatory and punitive damages.  *Id.*

Preston filed a motion to dismiss the complaint based on failure to state a claim and expiration of the statute of limitations.  *Id.* at *3.  Following a hearing, the circuit court entered a final order granting summary judgment to Mr. Preston on February 2, 2011. *Id.* The court ruled that the allegations against Mr. Preston "did not rise to the level of stating a cause of action for abuse of process."  *Id.*  The court further held that "to the extent the record might establish an abuse of process, Dr. Blalock's claim for abuse of process is barred by the one year statute of limitations."  *Id.*  Dr. Blalock appealed, and this Court affirmed.  *See id.* at *8.

### *Malicious Prosecution Lawsuit*

On February 2, 2012, Mr. Preston filed a complaint against Dr. Blalock and Mr. DeLaney (referred to collectively as "the defendants") for malicious prosecution in Davidson County Circuit Court.  On June 20, 2012, Mr. Preston voluntarily dismissed the case, and the circuit court entered an order of dismissal.

On June 17, 2013, Mr. Preston essentially re-filed the same malicious prosecution

complaint against the defendants in Davidson County Circuit Court. The complaint alleged that the defendants filed the abuse of process suit against Mr. Preston for an improper purpose and without probable cause in an attempt to gain an advantage in the pending breach of lease litigation against PSN and Dr. Blalock. The complaint further alleged that the frivolous lawsuit caused Mr. Preston lost time from work, anguish, anxiety, and embarrassment. It stated that Mr. Preston sought compensatory damages in excess of $100,000, punitive damages in excess of $100,000, and any further relief to which he was entitled. This June 17, 2013 lawsuit is the subject of this appeal.

On October 11, 2013, the defendants filed a motion for summary judgment and memorandum of law urging the court to dismiss the complaint because Mr. Preston intentionally delayed service on the defendants. The defendants argued that because Mr. Preston intentionally delayed service of process, his June 17, 2013 filing was ineffective to stop the one-year limitation on re-filing after a nonsuit or dismissal without prejudice. Mr. Preston filed a response along with a sworn statement that he did not intentionally withhold service of process. Prior to a scheduled hearing on the motion, the defendants filed a notice to strike their motion for summary judgment.

On June 6, 2014, the defendants filed a second motion for summary judgment and memorandum of law. In addition to renewing their argument that Mr. Preston's complaint was filed outside the applicable limitations period, the defendants argued that undisputed facts established that their abuse of process lawsuit was brought with probable cause. They asserted that Dr. Blalock acted pursuant to the advice of his attorney, Mr. DeLaney, in filing the abuse of process lawsuit and that Mr. DeLaney had a reasonable basis for bringing the litigation. In support of their motion, the defendants also filed a statement of undisputed facts and affidavits of Dr. Blalock, Mr. DeLaney, and Mark E. Morrison, an attorney with whom Mr. DeLaney claimed he had discussed the merits of the case prior to filing.

On August 4, 2014 the court entered a final order in which it concluded that the undisputed evidence established that the defendants acted with probable cause in initiating the underlying abuse of process lawsuit. As to Dr. Blalock, the court ruled that the undisputed facts established that "Blalock relied upon [the] advice of his attorney as he first, in good faith, consulted with Mr. DeLaney to determine whether there was merit for an abuse of process action against Plaintiff before filing the lawsuit." As to Mr. DeLaney, the court ruled that the undisputed facts established that "DeLaney prosecuted on behalf of Blalock in good faith as he consulted various documents and attorneys before bringing the abuse of process action against the plaintiff, making a reasonable inquiry into the factual and legal basis of the lawsuit." Accordingly, the trial court granted the defendants' motion for summary judgment. Mr. Preston timely filed a notice of appeal.

## II. ISSUES PRESENTED

Mr. Preston raises the following issues on appeal, as they are stated in his brief:

1. Whether the trial court erred in granting summary judgment to W. Stanford Blalock based on the advice of counsel defense in the absence of evidence of the material facts disclosed, known, and upon which his counsel relied.

2. Whether the trial court erred in granting summary judgment to Robert DeLaney by finding that reasonable minds could not differ as to whether probable cause existed to bring an action for abuse of process against Mr. Preston without sufficient facts.

3. Whether the trial court erred by not finding that W. Stanford Blalock had waived the affirmative defense of advice of counsel.

## III. STANDARD OF REVIEW

This is an appeal from a grant of summary judgment. A trial court's resolution of a motion for summary judgment presents a question of law, and we review it de novo on appeal with no presumption that the trial court's decision is correct. *Wells ex rel. Baker v. State*, 435 S.W.3d 734 (Tenn. Ct. App. 2013). Courts are guided in their evaluation of motions for summary judgment by Rule 56 of the Tennessee Rules of Civil Procedure. On appeal, we must make a fresh determination that all of the requirements of Rule 56 have been satisfied. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn.2010).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We must view the evidence in the light most favorable to the non-moving party and allow all reasonable inferences in that party's favor. *Stanfill v. Mountain*, 301 S.W.3d 179, 184 (Tenn. 2009). A grant of summary judgment is appropriate when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Id.* Because this case was filed after July 1, 2011, the summary judgment standard set forth in Tennessee Code Annotated section 20-16-101 applies. The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail

on its motion for summary judgment if it:

       (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

       (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp. 2014).

## IV. ANALYSIS

To establish the essential elements of malicious prosecution, the plaintiff must prove three elements: (1) that a prior lawsuit or judicial proceeding was instituted without probable cause, (2) that defendant brought such prior action with malice, and (3) that the prior action was finally terminated in plaintiff's favor. *Roberts v. Fed. Exp. Corp.*, 842 S.W.2d 246, 247-48 (Tenn. 1992). Mr. Preston has met the third element in this case because the prior action, Dr. Blalock's abuse of process lawsuit against Mr. Preston, was resolved on summary judgment in Mr. Preston's favor and affirmed by this Court. *See Blalock v. Preston Law Grp., P.C.*, No. M2011-00351-COA-R3-CV, 2012 WL 4503187 (Tenn. Ct. App. Sept. 28, 2012). Accordingly, the issues before us are primarily concerned with probable cause and malice.

The claimant in a malicious prosecution case bears a heavy burden of proof in establishing the elements of malice and lack of probable cause. *Wright Med. Tech., Inc. v. Grisoni*, 135 S.W.3d 561, 581 (Tenn. Ct. App. 2001) (citing *Kauffman v. A.H. Robins Co.*, 448 S.W.2d 400, 404 (Tenn. 1969)). Probable cause exists where the party that instituted the underlying proceedings had a reasonable belief in the existence of facts supporting his or her claim and a reasonable belief that those facts made out a legally valid claim. *Id.* The reasonableness of the party's belief is an objective determination made in light of the facts and circumstances at the time the underlying proceedings were initiated. *Roberts*, 842 S.W.2d at 248. Like reasonableness in the context of negligence, reasonableness of a party's belief in a malicious prosecution claim is a question of fact generally reserved for a jury. *Id.* at 248-49. However, where there are no disputed issues of material fact, the element of probable cause may also be resolved through summary judgment. *See Sullivan v. Young*, 678 S.W.2d 906, 912 (Tenn. Ct. App. 1984) ("When the facts are not in dispute, the issue of probable cause is exclusively for the court."). As to malice, the claimant is not required to establish ill will or personal hatred, so long as he or she demonstrates an improper motive. *Wright*, 135 S.W.3d at 582. While malice may be inferred from a total absence of probable cause, no amount of malice is sufficient to raise a presumption of lack of probable cause. *Sullivan*, 678 S.W.2d at 911. Consequently, if the defendant can establish that the underlying proceedings were

initiated with probable cause, whether or not the defendant acted with malice is irrelevant. *See Peoples Protective Life Ins. Co. v. Neuhoff*, 407 S.W.2d 190, 199 (Tenn. Ct. App. 1966) (citations omitted) ("[I]f there is reasonable cause to prosecute, the state of mind is immaterial.").

Here, the trial court ruled that the undisputed facts established that Dr. Blalock had probable cause to initiate the underlying proceedings by establishing that he relied on the advice of his attorney, Mr. DeLaney. The defendant in a malicious prosecution lawsuit may establish the existence of probable cause by demonstrating that he or she relied on the advice of counsel in initiating the underlying proceedings. *Sullivan*, 678 S.W.2d at 911; *see also Cooper v. Flemming*, 84 S.W. 801, 802 (Tenn. 1904) (stating that the purpose of the advice of counsel defense is to "establish the existence of probable cause"). To establish probable cause through reliance on the advice of counsel, the defendant must prove three elements: (1) that the attorney's advice was sought in good faith, (2) that the defendant disclosed all material facts relating to the case in his possession and all facts that could have been ascertained by reasonable diligence, and (3) that the case was commenced pursuant to the attorney's advice. *Abernethy v. Brandt*, 120 S.W.3d 310, 314 (Tenn. Ct. App. 2002) (citing *Cooper*, 84 S.W. at 802). If the elements of advice of counsel have been established, the fact that the attorney's advice was unsound or erroneous is immaterial and does not defeat the defense. 26 Am. Jur. 2d *Proof of Facts* 275 (Originally published in 1981). Mr. Preston contends that the trial court erred in granting summary judgment as to Dr. Blalock because the defendants failed to establish that Dr. Blalock made a full and honest disclosure of the material facts relating to the abuse of process case.

The requirement that the party who initiated the underlying case disclose all of the material facts relating to the underlying case to his or her attorney ensures that the party's reliance on the attorney's advice is reasonable. It prevents a party initiating the underlying proceedings from subsequently avoiding liability for malicious prosecution by asserting reliance on advice they knew or should have known was unreliable. In this case, the underlying proceeding was an abuse of process lawsuit filed by Dr. Blalock against Mr. Preston. The abuse of process claim was based on Mr. Preston's actions in the original breach of lease contract litigation between the parties. Because Mr. DeLaney represented Dr. Blalock in the original breach of lease contract litigation, he was already aware of the material facts relating to the abuse of process claim. Dr. Blalock is not required to prove he restated the material facts when Mr. DeLaney was already aware of them. *See* 26 Am. Jur. 2d *Proof of Facts* 275 ("If the attorney consulted was already aware of the material facts, the defendant need not restate them at the time the advice is sought."). Moreover, Mr. Preston does not allege, nor are we able to ascertain from the record, the existence of any material facts that would have affected Mr. DeLaney's advice had he been made aware of them at an earlier time. We therefore conclude that

7

Mr. Preston's argument on this matter is without merit.

The undisputed evidence establishes that Dr. Blalock sought Mr. DeLaney's advice prior to filing the abuse of process claim and relied on his advice in filing the claim. Paragraph 11 of the defendants' statement of undisputed facts provides:

> Before bringing the abuse of process claim against Mr. Preston, Dr. Blalock worked with his attorney, Robert DeLaney, to gather all materials requested by Mr. DeLaney. Dr. Blalock and Mr. DeLaney reviewed together the matters contained in paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 of Robert DeLaney's affidavit before bringing this claim.

The referenced paragraphs of Mr. DeLaney's affidavit outline his efforts to research the validity of the claim by reviewing relevant case law and secondary sources and by consulting other attorneys. In his response, Mr. Preston conceded that the facts contained in Paragraph 11 were undisputed. Paragraph 12 of the defendants' statement of undisputed facts provides:

> After Mr. DeLaney advised Dr. Blalock of what he learned through research and discussion with other lawyers, Dr. Blalock directed Mr. DeLaney to file a counterclaim against the BOP business entity and two (2) of its individual partners and an independent action against Mr. Preston.

Mr. Preston also conceded that the facts contained in Paragraph 12 were undisputed. Moreover, Dr. Blalock stated in his affidavit that he sought Mr. DeLaney's advice in good faith and that Mr. DeLaney advised him that there was a good faith basis for the claim. There is no evidence in the record to contradict either of those statements. The undisputed evidence demonstrates that Dr. Blalock relied on Mr. DeLaney's advice in initiating his abuse of process lawsuit against Mr. Preston and, therefore, acted with probable cause in doing so.

Next, Mr. Preston contends that Dr. Blalock waived the defense of advice of counsel. Specifically, Mr. Preston argues that advice of counsel is an affirmative defense and that Rule 8.03 of the Tennessee Rules of Civil Procedure provides that affirmative defenses not specifically pleaded in a party's answer are waived. Without addressing the issue of whether the defense of advice of counsel constitutes an affirmative defense that must be specifically pled,[2] we reject Mr. Preston's argument. Rule 8.03 requires that a

---

[2]In his brief, Mr. Preston does not cite any authority in his brief to support his assertion that advice of counsel is an affirmative defense that must be specifically pled. Courts addressing the question in other jurisdictions have not reached a consensus on the issue. *See* 52 Am. Jur. 2d *Malicious Prosecution* § 99 ("Acting on the advice of counsel is sometimes treated as an affirmative defense to a claim for malicious

party seeking to raise an affirmative defense assert it "as an affirmative defense in the answer *or other pleadings before trial*." *Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 736 (Tenn. 2013). A party's failure to specifically plead an affirmative defense generally results in a waiver of the defense; however that is not always the case. *See George v. Bldg. Materials Corp. of America*, 44 S.W.3d 481, 486-87 (Tenn. 2001). The specific pleading requirements of Rule 8.03 are intended to prevent a trial by ambush. *Id.* at 487. If the opposing party is given fair notice of the defense and an opportunity to rebut it, a failure to specifically plead the defense will not result in a waiver. *Id.* Indeed, it is within the trial court's discretion to allow a party to assert an affirmative defense even after the trial has begun. *Id.* Here, Mr. Preston filed a complaint for malicious prosecution on June 17, 2013. The defendants raised the defense of advice of counsel in their second motion for summary judgment filed on June 6, 2014. Though there was a delay prior to the defendants' assertion of the defense, there is no allegation that Mr. Preston was prejudiced by the delay in any way. We therefore hold that the trial court acted within its discretion in considering Dr. Blalock's reliance on the advice of counsel.

The trial court also ruled that the undisputed facts established that Mr. DeLaney prosecuted the underlying lawsuit in good faith, as he made a reasonable inquiry into the factual and legal basis for the lawsuit prior to its filing. Mr. Preston contends that a reasonable juror could find that Mr. DeLaney lacked probable cause to file the claim because the claim was dismissed as barred by the statute of limitations and for failure to state a claim. An attorney is generally not liable in an action for malicious prosecution where he or she initiated the underlying legal proceedings on behalf of a client in good faith. *Evans v. Perkey*, 647 S.W.2d 636, 642 (Tenn. Ct. App. 1982). Tennessee courts recognize, however, that an attorney who knowingly prosecutes a groundless action to accomplish some evil purpose of his or her client may be equally liable with the client for malicious prosecution. *Black v. Stulberg*, No. 1393, 1991 WL 83334, at *3 (Tenn. Ct. App. May 22, 1991); *Evans*, 647 S.W.2d at 649; *see also Hill v. White*, 190 F.3d 427, 432 (6th Cir. 1999) ("For a malicious prosecution action against an attorney to be successful, it is usually necessary to allege that the defendant did something more than simply file a lawsuit."). Regardless of whether the defendants were likely to be successful in the underlying abuse of process proceeding against Mr. Preston, the undisputed facts establish that the lawsuit cannot be characterized as groundless or without probable cause.

There is no allegation that Mr. DeLaney filed the action without making a reasonable inquiry into the factual and legal basis of the abuse of process lawsuit. Mr. DeLaney was familiar with the factual circumstances surrounding the claims, as he had

---

prosecution, and sometimes as simply negating either the lack of probable cause or malice." (footnotes omitted)). Because the issue is not imperative to our resolution of this case, we decline to address it.

represented Dr. Blalock in the original proceedings. The undisputed facts also demonstrate that Mr. DeLaney researched the legal issues at length prior to the lawsuit's filing. Paragraph 5 of the defendants' statement of material facts stated:

> Mr. Robert L. DeLaney met with Attorney William R. Willis, Jr. in person and reviewed with him the information contained in the Affidavit of Robert L. Delaney in paragraphs 27, 28, 29, and 30.

The referenced paragraphs of Mr. DeLaney's affidavit outline his efforts to consult other attorneys regarding the validity of the abuse of process claim and indicate that Mr. Willis agreed with Mr. DeLaney that he could assert a valid claim for abuse of process against Mr. Preston. In his response, Mr. Preston stated that the facts contained in Paragraph 5 were undisputed. Additionally, the defendants submitted the affidavit of Mark Morrison, a licensed attorney who had worked with Mr. DeLaney on cases in the past. Mr. Morrison stated in his affidavit that he discussed the claim with Mr. DeLaney while Mr. DeLaney was conducting his research. Mr. Morrison further stated that prior to initiation of the abuse of process lawsuit, he advised Mr. DeLaney that he could assert the claim in good faith and, in fact, might have an ethical obligation to do so.

While the defendants' likelihood of success at trial against Mr. Preston may have been slim, Mr. DeLaney's actions clearly do not rise to the level contemplated by a malicious prosecution action. The undisputed facts establish that Mr. DeLaney researched the validity of Dr. Blalock's abuse of process claim against Mr. Preston by reviewing cases and secondary sources and discussing the claim with other attorneys. Mr. DeLaney stated in his affidavit that he believed there was a good faith basis for the lawsuit after conducting the research, and there is no evidence in the record to indicate otherwise. Mr. DeLaney reviewed his research and discussions with Dr. Blalock, and Dr. Blalock directed him to initiate the proceedings. After reviewing the record, we conclude that the trial court appropriately granted summary judgment as to Mr. DeLaney because there is no evidence in the record to indicate that he lacked probable cause in initiating the underlying action.

## V. CONCLUSION

The judgment of the trial court granting summary judgment in favor of the defendants is affirmed. The costs of this appeal are taxed to the appellant, Kline Preston, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

10