Charles A. "Z" BUDA, Appellant,

v.

CASSEL BROS., INC., Appellee.

Gale JARNIGAN, Appellant,

v.

CASSEL BROS., INC., Appellee.

Court of Appeals of Tennessee, Eastern Section.

April 8, 1978.

Rehearing Denied May 2, 1978.

Certiorari Denied by Supreme Court July 10, 1978.

Richard C. Jessee, of Bacon, Dugger, Jessee & Perkins, Morristown, for appellant Charles A. "Z" Buda.

Jim W. Stambaugh, Morristown, for appellant Gale Jarnigan.

William T. Gamble, of Wilson, Worley, Gamble & Ward, Kingsport, Joe A. Tilson, of Taylor, Tilson, Inman & Reams, Morristown, for appellee.

## OPINION

ROGER E. THAYER, Special Judge.

Charles A. "Z" Buda, Mayor of the City of Morristown, Gale Jarnigan, Sheriff of Hamblen County, and Ayers Porter, Jr., Chairman of the Hamblen County Quarterly Court, instituted malicious prosecution actions against Cassel Bros., Inc. as a result of the filing of a counterclaim against them in a civil proceeding in the United States District Court at Greeneville. The cases were consolidated for trial and at the conclusion of all the evidence, the Court directed a verdict in favor of the defendant contractor in each case from which Mayor Buda and Sheriff Jarnigan have perfected appeals.

Prior to trial Cassel Bros. filed a motion to dismiss the complaints because (1) of improper venue (2) there had been no final determination of the civil proceeding and (3) the statute of limitations had expired. This motion was overruled and later a motion for a change of venue was filed by Cassel Bros. and an evidentiary hearing was conducted which resulted in the motion being denied. Cassel Bros. excepted to these rulings and has preserved the record by filing a wayside bill of exceptions which we must review in the event plaintiffs are successful under their assignments of error.

Cassel Bros. (as general contractor) was awarded a contract by the State of Tennessee to construct a regional prison in the Morristown area. This idea was met by vigorous opposition. The grading of the

construction site was to have been completed by other contractors but was delayed for some length of time due to the actions of protesting parties. The work of the general contractor was to commence in the early part of the year 1974, but was delayed until June because of numerous violent and unlawful acts to prevent the construction from going forward. The record is replete with evidence of activity designed to prevent the erection of this facility and include but is not limited to the following: the blockage of the road leading to the construction site; threats and intimidation against workers engaged in performing the construction work; violent explosions caused by dynamite; the discharge of fire arms in the area of the construction site; unlawful threats and intimidating statements to officials of Cassel Bros.; the assemblage of large number of citizens at the entrance of the construction site and the unusual inability of the contractor to purchase necessary supplies to be used in the construction work.

It should be noted that other litigation preceded the filing of the suit in the United States District Court where the counterclaim was filed. One of the earlier suits was brought by the City of Morristown and the Hamblen County Quarterly Court against Mark Luttrell, Corrections Commissioner, The Department of Corrections of the State of Tennessee and Winfield Dunn, Governor. This action was filed in the Chancery Court of Davidson County and sought a decree prohibiting the construction of the prison facility. A counterclaim was filed by these defendants charging Mayor Buda and Chairman Porter with the commission of certain illegal and unlawful acts as Cassel Bros. later incorporated in its counterclaim. This case was never heard upon its merits and sometime thereafter the State of Tennessee filed a suit in the Chancery Court of Hamblen County against Mayor Buda and Chairman Porter and numerous other individuals charging unlawful acts upon their part and containing numerous charges as set forth in the counterclaim later filed by Cassel Bros. in the District Court suit. This case also was not heard on

its merits and was later dismissed upon motion.

With this background a suit was filed in the United States District Court by Mayor Buda and other individuals against certain officials of the State of Tennessee and the United States and against Cassel Bros. seeking to halt the erection of the prison under certain federal environmental impact statutes.

The state defendants and Cassel Bros. filed a joint answer and counterclaim against Mayor Buda, Chairman Porter, Sheriff Jarnigan and 14 other named individuals organized as "Citizens Against the Proposed Prison" seeking damages in the sum of $100,000. against Sheriff Jarnigan and $500,000. actual damages and $775,000. damages for procuring and inducing a breach of contract against all other named individuals.

The general language of the counterclaim charged the counterclaim defendants with engaging in a conspiracy to deprive Cassel Bros. of its lawful right to construct the facility and perform its contractual obligations with the State of Tennessee; that certain other named counterclaim defendants committed certain specific acts to hinder construction; that Sheriff Jarnigan was aware of the efforts of the conspiracy and refused to prevent such unlawful acts but aided such parties in their efforts and that he had failed to enforce a restraining order; that all parties except Sheriff Jarnigan had "attempted to procure breaches of contracts of persons dealing with the State of Tennessee and Cassel Brothers, Inc., by threats, misrepresentations, persuasion, bribery and by actual physical restraint and violence, harrassment and annoyance . . . "

This answer and counterclaim was prepared by W. Henry Haile, Assistant Attorney General, State of Tennessee, who had been representing the interest of all state officials in the District Court suit and the various matters previously pending in the state courts. Mr. Haile had conferred with M. Lacy West, counsel for Cassel Bros., concerning the preparation and filing of the

counterclaim and had assured Mr. West that he had sufficient evidence to establish the allegations as set forth in the counterclaim pleading. The record indicates that upon receiving this assurance from Attorney General Haile, Mr. West authorized him to sign his name to the pleading and file same in behalf of Cassel Bros. Sometime later the District Court required Cassel Bros. to restate its counterclaim for clarity purposes and the restated counterclaim contained the general substance of the charges heretofore described. It further appears that Mr. West prepared and filed the restated pleading.

The State had advised Cassel Bros. to not attempt to undertake any investigations regarding any unlawful events in connection with the construction of the facility as various state offices would handle necessary investigations. The undisputed proof establishes that the Attorney General's office, The Tennessee Bureau of Investigation and the Tennessee Highway Patrol investigated all phases of conflict in regard to the erection of the prison and that the Attorney General's office had access to such reports. It further appears that Mr. West did not have personal knowledge of facts alleged in the counterclaim nor did officials of Cassel Bros. have knowledge concerning these facts, but that they were relying exclusively upon the assurances of Attorney General Haile in filing the counterclaim.

The United States District Court dismissed the complaint because it failed to state a cause of action under applicable federal statutes and the counterclaim was dismissed because it did not state a cause of action under applicable constitutional provisions and the dismissal was later affirmed by the Sixth Circuit Court of Appeals.

The evidence submitted by plaintiffs consisted chiefly of testimony by Mayor Buda and Sheriff Jarnigan that they were not guilty of any acts averred in the counterclaim and the opinion by other witnesses that their reputation had been damaged as a result of the filing of the pleading in question.

■ While the majority of reported cases in Tennessee deal with the institution of malicious prosecution actions after the termination of criminal proceedings, the right to bring an action of this nature for the malicious institution of a civil proceeding is well recognized in our state. *Lipscomb v. Shofner*, 96 Tenn. 112, 33 S.W. 818 (1896); *Nashville Union Stockyards, Inc. v. Grissim*, 13 Tenn.App. 115 (1930); *Ryerson v. Am. Sur. Co. of N.Y.*, 213 Tenn. 182, 373 S.W.2d 436 (1963); *Kauffman v. A. H. Robins Co.*, 223 Tenn. 515, 448 S.W.2d 400 (1969).

■ As stated in the most recent case of *Kauffman v. A. H. Robins Co.*, supra, the essential elements of an action for malicious prosecution are that a prior suit or judicial proceeding has (1) been instituted and finally determined in favor of the plaintiff, (2) brought through malice on the defendant's part and (3) without probable cause, and as the opinion recites there is a heavy burden of proof on the plaintiff in establishing malice and the lack of probable cause.

In reviewing this record in its most favorable light to the plaintiffs, we must keep in mind that the ultimate question is whether or not there is evidence to establish that the counterclaim was filed maliciously and without probable cause. The determination of whether or not the allegations of the counterclaim are actually true or false is a matter of some significance but not determinative of whether the action was instituted in good faith or maliciously and without cause.

In connection with the essential element of lack of probable cause, we adopt the principles as set forth in the Restatement of Torts with regard to the wrongful institution of civil proceedings.

■■ In order to establish the lack of probable cause in instituting a civil proceeding, it must appear that the suit was filed primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based. If it is established that the party instituting the proceeding reasonably believes in the existence of the facts upon which the claim

is based and has reasonable belief that under those facts the claim may be valid or has reasonable belief in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information, then probable cause is established. *Restatement of Torts, Second*, §§ 674, 675

The determination of probable cause may be a mixed question of fact and law. When the facts are not in dispute, the question is for the Court. *Nashville Union Stockyards, Inc. v. Grissim*, supra; *Restatement of Torts*, § 681

At the conclusion of all the evidence, the trial judge was of the opinion that Cassel Bros. had acted upon the advice of counsel and therefore the lack of probable cause had not been established. We agree with this finding as there is no evidence in the record indicating that officials of the corporation withheld material information from its attorney or from the state's attorney and that the advice was not sought in good faith.

For the reasons herein indicated, we conclude that Appellant Buda and Jarnigan did not establish sufficient evidence from which a lack of probable cause could be found. The action of the trial court in directing verdicts is therefore affirmed and the costs are taxed to the plaintiffs equally.

PARROTT, P. J. (E. S.), and SANDERS, J., concur.

OPINION ON PETITION TO REHEAR

Appellant, Sheriff Gale Jarnigan, has filed a petition to rehear insisting that we failed to consider certain factual matters as evidenced by the record.

We are of the opinion that these matters were given full consideration in reaching a decision upon the issues presented.

Therefore, the petition to rehear is respectfully denied.

PARROTT, P. J. (E. S.), and SANDERS, J., concur.