189 N.J. Super. 265 (1983)
459 A.2d 1213
ROBERT DANA PAUL AND CAROL PAUL, HIS WIFE, PLAINTIFFS,
v.
NATIONAL EDUCATION ASSOCIATION, NEW JERSEY EDUCATION ASSOCIATION, CRANFORD EDUCATION ASSOCIATION, YVONNE HAMILTON, LISSA BROWN, BRIDGET DEPINTO, BARBARA KINNEAR, CAROL ROSENFELD, MARGARET KOTLIAR, CONSTANCE JAMES, WELTHY GARGES, FRANKLYN PRESTON AND EVELYN HAMILTON, ALL INDIVIDUALLY AND AS MEMBERS OF THE EXECUTIVE COMMITTEE OF THE CRANFORD EDUCATION ASSOCIATION, GOLDBERG & SIMON, P.A., GERALD M. GOLDBERG AND THEODORE M. SIMON, INDIVIDUALLY AND AS MEMBERS OF GOLDBERG & SIMON, P.A., AWBREY COMMUNICATIONS IN NEW JERSEY, INC., ANN WHITFORD AND RONALD HARVEY, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
March 18, 1983.
*266 Paul R. Williams, Jr. for plaintiffs.
Raymond J. Fleming for defendants Goldberg & Simon, P.A. and Goldberg & Simon, individually. (Feuerstein, Sachs & Maitlin, attorneys).
Robert Fagella for defendants Cranford Education Association, Lissa Brown, Carol Rosenfeld & Yvonne Hamilton. (Zazzali, Zazzali & Krol, attorneys).
Jane F. Kelly for defendants Bridget DePinto, Barbara Kinnear, Welthy Garges, Evelyn Hamilton, Constance James, Margaret Kotliar and Franklyn Preston. (Sterns, Herbert & Weinroth, attorneys).
*267 Richard A. Friedman for defendants Ronald Harvey, Ann Whitford & New Jersey Education Association. (Ruhlman, Butrym & Friedman, attorneys).
Steven Backfisch for defendant National Education Association (Lum, Biunno & Tompkins, attorneys).
GRIFFIN, J.S.C.
This is an action for malicious prosecution based on a number of civil and administrative proceedings instituted in 1980. The remaining defendants participated in varying degrees in bringing these actions, and all have moved for summary judgment.[1] They are the National Education Association (N.E.A.), the New Jersey Education Association (N.J.E.A.) and two of its field representatives, Ann Whitford and Ronald Harvey, the Cranford Education Association (C.E.A.) and ten individual officers and members of that association, and finally the attorneys who brought the 1980 actions.
All parties have acknowledged the disfavor in which actions for malicious prosecution are viewed under our law. Such law suits tend to chill free access to our courts. See Penwag Property Co., Investors Inc. v. Landau, 76 N.J. 595, 597-598 (1978); Devlin v. Greiner, 147 N.J. Super. 446 (Law Div. 1977). This disfavor is manifested in the heavy requirements imposed upon a plaintiff to establish a prima facie case. Plaintiff must show that the original suit was (1) instituted without reasonable or probable cause; (2) actuated by malicious motive; (3) ended in favor of plaintiff and (4) resulted in special grievance to plaintiff. The absence of any one of these elements is fatal. See Ackerman v. Lagano, 172 N.J. Super. 468, 473 (Law Div. 1979).
All of the underlying actions were terminated in favor of plaintiff. Furthermore, at this junction, no serious challenge *268 has been raised to plaintiff's claim of special grievance. There is sharp dispute, however, as to the existence of malice and probable cause. Because, as discussed hereafter, there was probable cause sufficient to justify the bringing of the underlying actions, thereby defeating plaintiff's claim, it will be unnecessary to consider arguments raised on the issue of malice.
Relevant facts, viewed in a light most favorable to plaintiff, may be summarized as follows. Information was received by the C.E.A. which suggested that Dr. Paul, the Superintendent of Schools in Cranford, was engaged in activities the Association believed to be improper. It contended that, among other things, Dr. Paul was illegally recording phone conversations with its members, placing board of education employees under the surveillance of private investigators and intercepting mail directed to the board.
Early in 1980 the C.E.A. enlisted the assistance of the N.J.E.A. to halt the purportedly offensive conduct. After some investigation by field representatives of the N.J.E.A., the C.E.A. filed the lawsuits and administrative proceedings which form the basis of this litigation.
The source of the information which led to the prior legal actions is debated. Dr. Paul contends that all information was received from Charles McCarty, a board member who just recently had been graduated from Cranford High School. While defendants suggest a number of other sources, Dr. Paul's position is accepted for the purpose of this motion.
There are a paucity of cases in this jurisdiction dealing with the malicious prosecution of civil proceedings. However, the definition of probable cause was set forth in Mayflower Industries v. Thor Corp., 15 N.J. Super. 139, 153 (Ch.Div. 1951). The court stated: "probable cause for the institution of a civil suit is the presence of reasonable ground for belief that the cause of action exists supported by circumstances sufficient to warrant an ordinarily prudent man in the belief that it exists. Prosser, [Torts] § 96, p. 871."
*269 The deficiency of this definition is its failure to indicate how much investigation, if any, must a plaintiff in a civil suit perform prior to instituting suit. How much can that plaintiff rely on pretrial discovery to prove his case?
In discussing the difference between reasonable grounds for a criminal suit and for a civil suit, the Restatement authors made the following comment:
... [A] private prosecutor does not have reasonable grounds for believing that the accused has conducted himself in a particular manner, if he merely entertains a suspicion even though he reasonably believes it may be verified upon further investigation.... On the other hand, when the proceedings are civil, while the person initiating them cannot have a reasonable belief in the existence of the facts on which the proceedings are based if he knows that the alleged facts are not true and his claim is based on false testimony, it is enough if their existence is not certain but he believes that he can establish their existence to the satisfaction of the court and jury. In a word, the initiator of private civil proceedings need not have the same degree of certainty as to the relevant facts that is required of a private prosecutor of criminal proceedings. In many cases civil proceedings, to be effective, must be begun before all of the relevant facts can be ascertained to a reasonable degree of certainty. To put the initiator of civil proceedings to a greater risk of liability would put an undesirable burden upon those whose rights cannot be otherwise effectively enforced. [Restatement, Torts 2d, § 675, comment d at 459 (1977)]
Thus, under this Restatement view, very little investigation is required prior to institution of a civil cause of action. However, this view has not been universally adopted.
The Missouri Supreme Court has stated that a defendant in a malicious prosecution case is held to a "reasonable inquiry" standard. Haswell v. Liberty Mut. Ins. Co., 557 S.W.2d 628, 634 (1977). The defendant is responsible not only for the facts he knew when he instituted the underlying suit but also "for all other facts pertinent to the suit which he could have ascertained by due diligence prior to causing the law to be put in motion." Id.
This degree of investigation for civil cases has not usually been followed. The standard in other states has been an honest and reasonable belief by a complainant that he has a good chance of establishing a cause of action to the satisfaction of the court, Nagy v. McBurney, 392 A.2d 365 (R.I.Sup.Ct. 1978), or a *270 reasonable belief in the facts upon which the claim is based and that those facts constitute a valid claim. Buda v. Cassel Bros. Inc., 568 S.W.2d 628, 631-632 (Tenn. App.Div. 1978). Furthermore, where the facts are not in dispute, the Buda court stated that probable cause is a question for the court.
The New Jersey case law easily finds malicious prosecution where parties have instituted "vexatious suits known to be groundless." Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 565 (1955), citing concurring opinion in Toft v. Ketchum, 18 N.J. 280, 287 (1955) and Prosser, Torts, § 886 (1941). See, also, Ackerman, supra, 172 N.J. Super. at 474.
In Mayflower Industries, supra, the court stated that free access to the courts "should not be abused. The freedom to use their processes is not absolute. When malice motivates a groundless claim and results in special injury ... remedy is afforded." 15 N.J. Super. at 154.
Two New Jersey cases have sustained charges of malicious prosecution of groundless claims. In both cases the defendants knew that their prior proceedings were based on false allegations or false testimony. In Devlin, supra, a suit against a private investigator was sustained when that investigator provided false information for a client seeking divorce. That information indicated the client's wife was involved with another man, the plaintiff in the malicious prosecution action. The information was fabricated for the purpose of the divorce action, and it was clear that the lawsuit was promoted without probable cause.
In Seidel v. Greenberg, 108 N.J. Super. 248 (Law Div. 1969), the plaintiff was prosecuted for arson when, in fact, his employers were guilty of the offense and fully aware of his innocence. Although the employers did not bring the criminal charges, the Law Division found that their actions set the prosecution in motion and permitted its continuance. As in Devlin, there was an underlying offensive litigation based not on evidence, albeit speculative, but on false allegations established or promoted by *271 the defendant. The offensive proceedings were groundless  that is, no facts were present upon which the lawsuit or prosecution rested.
This court now holds that in light of the disfavored nature of these actions, the burden to investigate prior to instituting suit is slight. Parties may rely on facts which they believe to be true and which, supplemented by subsequent pretrial discovery, would reasonably support a suit. To hold otherwise would be to unnecessarily restrict legitimate litigation.
On a motion for summary judgment, the court must give all favorable inferences to plaintiff's version of events, and disposition of this motion will be based thereon. Judson v. People's Bank & Trust Co. of Westfield, 17 N.J. 67 (1954). It is undisputed that teachers were under surveillance, telephone conversations were recorded and mail was intercepted. Dr. Paul's version is that the only source of this information received by defendants was Charles McCarty, and that at least one month prior to the filing of the first complaint he had refused to sign an affidavit supporting his earlier statements and indicated to some of defendants that his earlier statements were based on rumor and speculation. Defendants dispute this version.
Assuming, as this court must, plaintiff's version of the events is true, defendants had meager grounds, indeed, to pursue these actions. Yet, however meager, it was not totally unreasonable for them to believe that these now questionable allegations raised by a member of the board of education could be established to the satisfaction of a court after adequate discovery had been completed. In short, the lawsuits and administrative actions started by these defendants were not groundless. While the source of the information was clearly not impeccable and perhaps was ready to make an "about face," it cannot be said that defendants' decision to proceed was based on facts they knew to be untrue. To the contrary, the evidence before the court suggests that the parties believed in the truth *272 of their allegations. This court, in passing, notes that many of defendants' allegations were accurate although the conduct proved to be quite legal. Defendants had sufficient information which, coupled with pretrial discovery, reasonably led them to believe that they had a cause of action.
The offensive actions were instituted with sufficient probable cause to defeat plaintiff's claims. The complaint is dismissed.
NOTES
[1] The motion for summary judgment of Awbrey Communications, the publisher of a local newspaper, was previously granted.