195 N.J. Super. 426 (1984)
480 A.2d 213
ROBERT DANA PAUL AND CAROL PAUL, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
NATIONAL EDUCATION ASSOCIATION, NEW JERSEY EDUCATION ASSOCIATION, CRANFORD EDUCATION ASSOCIATION, YVONNE HAMILTON, LISSA BROWN, BRIDGET DEPINTO, BARBARA KINNEAR, CAROL ROSENFELD, MARGARET KOTLIAR, CONSTANCE JAMES, WELTHY GARGES, FRANKLYN PRESTON AND EVELYN HAMILTON, ALL INDIVIDUALLY AND AS MEMBERS OF THE EXECUTIVE COMMITTEE OF THE CRANFORD EDUCATION ASSOCIATION, GOLDBERG & SIMON, P.A., GERALD M. GOLDBERG AND THEODORE M. SIMON, INDIVIDUALLY AND AS MEMBERS OF GOLDBERG & SIMON, P.A., AWBREY COMMUNICATIONS IN NEW JERSEY, INC., ANN WHITFORD AND RONALD HARVEY,[1] DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1984.
Decided August 8, 1984.
*427 Before Judges FRITZ and DEIGHAN.
Paul R. Williams, Jr. argued the cause for appellants (Williams & Schirmer, attorneys).
Steven Backfisch argued the cause for respondent National Education Association (Tompkins, McGuire & Wachenfeld, *428 attorneys; Dennis M. Cavanaugh, of counsel; Steven Backfisch, on the brief).
Robert A. Fagella argued the cause for respondents Cranford Education Association, Yvonne Hamilton, Lissa Brown and Carol Rosenfeld (Zazzali, Zazzali & Kroll, attorneys).
Michael J. Herbert argued the cause for respondents Bridget DePinto, Barbara Kinnear, Margaret Kotliar, Constance James, Welthy Garges, Franklyn Preston and Evelyn Hamilton (Sterns, Herbert & Weinroth, attorneys; Michael J. Herbert and Jane F. Kelly, on the brief).
Raymond J. Fleming argued the cause for respondents Goldberg & Simon, P.A., and Gerald M. Goldberg and Theodore M. Simon (Feuerstein, Sachs, Maitlin, Rosenstein & Fleming, attorneys).
Richard A. Friedman argued the cause for respondents Ronald Harvey, Ann Whitford and New Jersey Education Association (Ruhlman, Butrym and Friedman, and Shanley & Fisher, attorneys; Richard A. Friedman, Barbara G. Rapkin and Richard A. Levao, on the briefs).
The opinion of the court was delivered by FRITZ, P.J.A.D.
The substance of the matters in question appears sufficiently in the opinion of the trial judge. Paul v. National Education Ass'n, 189 N.J. Super. 265 (Law Div. 1983). We see no need for either supplementation or iteration here. We affirm substantially for the reasons expressed in that opinion. However, we believe it appropriate to augment that opinion with observations of our own, principally for emphasis.
At the outset we caution that the opinion below may not be read to confer immunity from the risk of malicious prosecution in cases where no thought was given by the original suitor to the reliability of the information motivating his action. The reliance of the trial judge on the undeniable rule of law respecting *429 the disfavored nature of malicious prosecution actions, coupled with that which was characterized as the holding of the case (189 N.J. Super. at 271), might lead to that hasty conclusion. But that is not what Judge Griffin said and we are certain not what he meant. He said:
This court now holds that in light of the disfavored nature of these actions, the burden to investigate prior to instituting suit is slight. Parties may rely on facts which they believe to be true and which, supplemented by subsequent pretrial discovery, would reasonably support a suit. To hold otherwise would be to unnecessarily restrict legitimate litigation. [189 N.J. Super. at 271; emphasis supplied.]
For the sake of clarity we would modify that only to the extent of observing that parties may rely on facts which they reasonably believe to be true and concerning which they might reasonably expect subsequent pretrial discovery to be supportive.
We also note that the question of whether defendants proceeded on probable cause is, as a matter of law, one for the court. Restatement, Torts 2d, § 673 at 448 (1977). If factual disputes essential to that determination appear, those factual disputes are to be decided by the jury. Lind v. Schmid, 67 N.J. 255, 266 (1975). But as suggested in the comment to § 673(2)(a) of the Restatement, supra,
... a jury has no function to perform with reference to the issue of probable cause unless there is a conflict in the testimony as to the circumstances under which the defendant acted in initiating the proceedings. If these circumstances are admitted by either party or if the evidence upon them is clear and uncontradicted, there is no need for a finding of the jury to give the court information upon which to determine the existence or nonexistence of probable cause. [At 450-451.]
We are aware this matter was decided as one appropriate for summary judgment. We are also aware of the teachings of Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954):
... All inferences of doubt are drawn against the movant in favor of the opponent of the motion. The papers supporting the motion are closely scrutinized and the opposing papers indulgently treated.... [At 75.]
The record in this case, thus viewed, demonstrates some factual differences which might well impact on the question of probable *430 cause, as Judge Griffin clearly realized. The existence of these factual disputes is not fatal to the determination, however, because for the purpose of determining the question of law involved, i.e., the sufficiency of the probable cause, he accepted plaintiff's contentions. In other words, as a practical matter the motions were determined as though defendants had admitted plaintiff's factual averments and "the evidence upon [the circumstances] is clear and uncontradicted." Or, in terms of Lind v. Schmid, supra, the facts were, for these purposes undisputed. This being so it would constitute a frivolity for us to reverse and remand for jury assistance to the judge on the basis that the minds of reasonable men could differ.
In such a case the failure of the trial judge, here apparent and the subject of complaint by plaintiff, to be more precise and expository with findings of fact, will not serve to defeat conclusions and a determination which appear on careful review of the record to be sound. The fact that Lissa Brown and Charles McCarty may have had less than a full complement of the characteristics a Utopian world would design for a teacher or a school board member does not establish a want of probable cause.
Affirmed.
NOTES
[1] We are told in the procedural history of counsel for appellants that "[w]hile Carol Paul is also listed as a plaintiff, she was dismissed by the trial court as a party plaintiff, and this dismissal is not being contested in this action." Further, Awbrey Communications is not a respondent on this appeal.