IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


HELEN S. ROGERS,                       )
                                       )
        Plaintiff/Appellee,            )
                                       )       Appeal No.
                                       )       01-A-01-9611-CV-00500
VS.                                    )
                                       )       Davidson Circuit
                                       )       No. 95C-1848
TOM E. WATTS, JR.,                     )
                                       )
        Defendant/Appellant.           )

**FILED**

**July 2, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## DISSENTING OPINION

        I respectfully dissent from the majority opinion on two grounds: (1) probable cause and (2) damages -- neither of which is presented with much clarity in the briefs.  But the issues are of such importance to the practice of law in this state that I feel they should be addressed.


        Mr. Watts had a judgment against Ms. Rogers' client.  While the case was on appeal they agreed to settle it, and Ms. Rogers represented that the money would be wired to her trust account "around the first of next week."  With that assurance, Mr. Watts persuaded a judgment creditor of his client to release an execution by promising that the money would shortly be available to pay the judgment.  When the settlement fell through, Mr. Watts was sued by the creditor who had released the execution.  Mr. Watts filed a third party claim against Ms. Rogers for a judgment against her in the event he was held liable.


        At this point, who would deny that Mr. Watts had probable cause to sue Ms. Rogers for indemnity?  Ms. Rogers concedes (and the trial judge found) that Mr. Watts had probable cause to sue her for indemnity based on her negligent misrepresentations.  (She disputes any negligence on her part, but whether Mr.

Watts would have been successful in his action is quite another matter from whether he had probable cause to bring it.)  Unfortunately, Mr. Watts did not sue for negligence.  He alleged that the representations made by Ms. Rogers were fraudulent.  At the trial, the trial judge denied Mr. Watts' motion to amend his complaint to allege negligence.

I realize that an allegation of fraud by a lawyer against another lawyer is a serious allegation and should not be taken lightly.  But, an allegation of fraud is just as serious when levelled against anyone.  Every unproven case, however, should not result in a claim of malicious prosecution.

"In order to establish the lack of probable cause in instituting a civil proceeding, it must appear that the suit was filed primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based."  *Buda v. Cassel Bros., Inc.*, 568 S.W.2d 628 (Tenn. App. 1978)(citing *Restatement of Torts, Second*, § 674).  In my view a defendant in a malicious prosecution case has established a defense if he proves that he had probable cause to seek the relief involved in the original action; he is not exposed to liability if he fails to prove the theory he uses in seeking the relief.  A simple example will illustrate the difficulty created by holding otherwise.  Assume that under our liberal rules of pleading Mr. Watts had pled his case under the alternative theories of fraud and negligent misrepresentation.  See Rule 8.02(2), Tenn. R. Civ. P.  If the trial judge dismissed the fraud claim and entered judgment on the negligence claim, would Mr. Watts be facing an action for malicious prosecution because he did not prove the elements of fraud?  I do not think he should be.

The second reason for my dissent flows from the first.  The damages awarded to Ms. Rogers all related to the fact that she had been sued -- not to the fact that she had been sued for fraud.  She proved the attorney's fees incurred in

2

defending the original claim and that she had to pay a higher rate of interest on a loan because she revealed on the loan application that she had been sued. The trial judge specifically found that Ms. Rogers had not suffered any damage to her reputation. I do not think she has suffered any damages peculiarly related to the fraud claim.

Therefore, I dissent.

_____
BEN H. CANTRELL, JUDGE