# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### NOVEMBER 6, 2001 Session

## STEPHEN B. CANTRELL, DDS, MD v. MARTIN SIR

### Direct Appeal from the Circuit Court for Davidson County
### No. 99C-2554; The Honorable Barbara N. Haynes, Judge

_____

### No. M2001-00272-COA-R3-CV - Filed April 23, 2002

_____

This appeal involves a trial court's grant of summary judgment, which dismissed a doctor's claim for malicious prosecution against an attorney. The attorney had drafted a complaint for a former patient of the doctor that was filed by the patient *pro se* several years prior to the initiation of the present suit. The patient's claim was ultimately dismissed, prompting the doctor to file suit against the attorney who drafted the complaint. The trial court found that the doctor was unable to show a basis for finding malice or damages and granted summary judgment in favor of the attorney. For the following reasons, we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

Stephanie C. Hatchett, Nashville, TN, for Appellant

Winston S. Evans, Phillip Byron Jones, Nashville, TN, for Appellee

### OPINION

### Facts and Procedural History

Barbara A. Sweeney ("Ms. Sweeney") underwent a dental procedure at General Hospital of Davidson County, Tennessee ("General Hospital") in August 1992, which involved the removal of her impacted wisdom teeth. Dr. Steven B. Cantrell ("Dr. Cantrell") assisted in the procedure. As a result of post-operative difficulties stemming from the procedure, Ms. Sweeney was hospitalized.

Ms. Sweeney, some time after being released from the hospital, contacted the Nashville Bar Association to find an attorney to represent her in an action against General Hospital and the doctors involved in completing the procedure. The bar association referred Ms. Sweeney to Martin S. Sir ("Mr. Sir"), a local attorney.

Mr. Sir first met with Ms. Sweeney in April 1993. Approximately four months later, one to three days before the statute of limitations was set to expire, Mr. Sir agreed to prepare a complaint for Ms. Sweeney naming Dr. Cantrell, among others, as a defendant. Mr. Sir alleges that he agreed to assist Ms. Sweeney in order to preserve her malpractice claim. Although Mr. Sir drafted the complaint and signed as surety on the cost bond, he was never listed as the attorney of record in Ms. Sweeney's case. Instead, the record indicates that Ms. Sweeney filed the complaint *pro se* on August 16, 1993 and paid the filing fee herself. Ms. Sweeney eventually retained two other Nashville attorneys in March of 1994, as her attorneys of record. These new attorneys substituted for Mr. Sir on the cost bond. Ms. Sweeney's suit was ultimately dismissed on April 9, 1996.

On April 20, 1998, Dr. Cantrell filed suit against Mr. Sir for malicious prosecution, which is the case now before this Court on appeal. In his complaint, Dr. Cantrell alleges that Mr. Sir acted maliciously and without probable cause in drafting the complaint filed by Ms. Sweeney. Dr. Cantrell further alleges that Mr. Sir's actions proximately caused him to suffer damage to his reputation, delay and additional travel expenses in his effort to obtain a New Jersey medical license, and loss of income.

On October 12, 2000, Mr. Sir filed a statement of uncontested facts along with a motion for summary judgment. Mr. Sir, in his motion, argued that Dr. Cantrell had failed to show evidence of malice, as required for a malicious prosecution claim, or any damages. Dr. Cantrell responded to the motion by filing an affidavit in which Dr. Samuel J. McKenna indicated that Dr. Cantrell's actions did not violate the applicable standard of care and thus, did not amount to negligence. Dr. Cantrell further insisted that under his interpretation of the law, summary judgment would be improper because malice could be presumed by a showing of lack of probable cause. On January 9, 2001, the court, finding no issues of material fact and that Mr. Sir was entitled to a judgment as a matter of law, entered an order granting Mr. Sir's motion for summary judgment. Dr. Cantrell appeals from the court's grant of summary judgment and raises the following issues for our review.

**Issues**

 I.  Whether the court erred in granting summary judgment based on a finding that no material issues of fact existed;

 II.  Whether the court erred in finding that there was no basis for finding malice under the facts supplied by Dr. Cantrell; and

 III.  Whether the court erred in finding that Dr. Cantrell failed to establish any damages.

## Standard of Review

The Tennessee Supreme Court recently offered a thorough and informative commentary on the standard of review applicable in this appeal in Staples v. CBL & Associates, Inc., 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of TENN. R. CIV. P. 56 have been met. See Hunter v. Brown, 955 S.W.2d 49, 50-51 (Tenn.1997); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, see Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. See Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. See Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. See Byrd v. Hall, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. See McCarley v. West Quality Food Serv., 960 S.W.2d 585, 588 (Tenn.1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. See McCarley v. West Quality Food Serv., 960 S.W.2d at 588; *89 Robinson v. Omer, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.
>
> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. See Robinson v. Omer, 952 S.W.2d at 426; Byrd v. Hall, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn.1995); Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn.1995).

Staples, 15 S.W.3d at 88-89 (footnote omitted).

## Law and Analysis

We find Dr. Cantrell's first issue on appeal, whether the court erred in granting summary judgment based on a finding that no material issues of fact existed, to be without merit. Dr. Cantrell has failed to indicate any disputed material facts in this appeal. Our review of the record leads to the same result; we also have been unable to discover any disputed material facts. Further, we do not agree with Dr. Cantrell's argument regarding the possible existence of material information shielded from him under the attorney-client privilege held between Mr. Sir and Ms. Sweeney. We find no indication in the record that Dr. Cantrell even attempted to formally obtain that information from Mr. Sir. Accordingly, we hold that the trial court did not err in finding that no issues of material fact existed.

We also find Dr. Cantrell's second issue on appeal, whether the court erred in finding that there was no basis for finding malice under the facts supplied by Dr. Cantrell, to be without merit. In any action for malicious prosecution, a plaintiff must show that the following three essential elements are present: "(1) a prior suit or judicial proceeding was brought against plaintiff without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of plaintiff." Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992) (citing Lewis v. Allen, 698 S.W.2d 58, 59 (Tenn. 1985)). Dr. Cantrell maintains that the trial court erred by failing to find the second element, malice, present for purposes of the summary judgment. Dr. Cantrell's argument is based on his assertion that under Tennessee law, malice can be inferred so long as Mr. Sir lacked probable cause when drafting Ms. Sweeney's complaint.

Dr. Cantrell has cited several Tennessee cases, which support the general notion that malice can be inferred where there was no probable cause to prosecute the plaintiff. The line of cases cited by Dr. Cantrell, however, deal with malicious prosecution claims where a plaintiff was prosecuted for a criminal offense as opposed to being sued in a civil matter. See generally Lewis v. Smith, 618 S.W.2d 299 (Tenn. 1981); Cohen v. Cook, 462 S.W.2d 502 (Tenn. Ct. App. 1969); Peoples Protective Life Ins. Co. v. Neuhoff, 407 S.W.2d 190 (Tenn. Ct. App. 1966); Thompson v. Schulz, 240 S.W.2d 252 (Tenn. Ct. App. 1949). Although we agree with Dr. Cantrell that this Court has held that malice can be inferred when no probable cause existed for initiating a criminal prosecution, we have found no cases where that inference has been granted to a plaintiff who was sued in a civil cause. For example, in Dunn v. Ala. Oil & Gas Co., 299 S.W.2d 25, 28 (Tenn. Ct. App. 1956), this Court held that malice could be inferred from a lack of probable cause in the prosecution of a felony. Similarly, in Sullivan v. Young, 678 S.W.2d 906, 911(Tenn. Ct. App. 1989), this Court held that "a showing of a lack of probable cause will give rise to a rebuttable presumption of malice" where a criminal prosecution has been initiated. We have not yet extended this inference to malicious prosecution claims arising from civil matters. Thus, it appears that this would be an issue of first impression if we were to address it.

After reviewing the record, however, we fail to reach the issue of whether the inference should be extended to malicious prosecution claims resulting from civil litigation. We reach this conclusion by assuming *arguendo* that even if we were to allow this inference, Dr. Cantrell has failed to establish any facts from which a lack of probable cause could be shown. Without showing a lack of probable cause, there would be no basis for finding malice.

Dr. Cantrell insists that to show a lack of probable cause and raise an inference of malice, he must only show that there were no "reasonable grounds for prosecution as the circumstances appeared to the prosecutor or as they would have appeared by ordinary circumspection and diligence on his part when he acted." Further, Dr. Cantrell urges this court to apply an objective test of

reasonableness similar to that employed under Rule 11 of the Tennessee Rules of Civil Procedure, which governs an attorney's duty to make a reasonable inquiry into the facts before filing a claim. We must note, however, when discussing probable cause, Dr. Cantrell has again cited cases dealing with malicious prosecution arising from criminal prosecutions. With regard to finding a lack of probable cause in bringing a civil action, in <u>Buda v. Cassel Bros., Inc.</u>, 568 S.W.2d 628 (Tenn. Ct. App. 1978), we stated:

> In order to establish the lack of probable cause in instituting a civil proceeding, it must appear that the suit was filed primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based. If it is established that the party instituting the proceeding reasonably believes in the existence of the facts upon which the claim is based and has reasonable belief that under those facts the claim may be valid or has reasonable belief in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information, then probable cause is established.

<u>Id.</u> at 631-32 (citing *Restatement of Torts, Second*, §§ 674, 675). Accordingly, our analysis in <u>Buda</u> should be applied as the appropriate standard to measure probable cause.

With regard to the summary judgment, we stated above that to properly support a motion for summary judgment, "the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense." <u>Staples</u>, 15 S.W.3d at 88 (citations omitted). In the case *sub judice*, Mr. Sir offered evidence along with his motion indicating that he had reasonably relied on the facts provided by Ms. Sweeney. Evidence was also offered that Ms. Sweeney had discussed her case with a doctor at her treating hospital who indicated that he would testify for her at trial in a malpractice action. Under the standard given in <u>Buda</u>, we find that this information clearly indicated that Mr. Sir acted with probable cause.

At this point in the proceedings, Dr. Cantrell had to offer proof to establish the presence of malice or the lack of probable cause to show that summary judgment was improper. As stated above, "in order to establish the lack of probable cause in instituting a civil proceeding, it must appear that the suit was filed primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based." <u>Buda</u>, 568 S.W.2d at 631. In our review of the record, we find that Dr. Cantrell failed to offer evidence showing that Mr. Sir's actions were anything but to secure the proper adjudication of Ms. Sweeney's claim. Accordingly, Dr. Cantrell offered no evidence that would form a basis for finding a lack probable cause that would raise an inference of malice. Because we find that Dr. Cantrell failed to show that an issue of material fact existed and that Mr. Sir was not entitled to a judgment as a matter of law, Dr. Cantrell's third issue on damages pretermitted.

**Conclusion**

Based on the foregoing conclusions, we hereby affirm the decision of the trial court.  Costs on appeal are assessed against the appellant, Dr. Steven B. Cantrell, and his surety for which execution may issue if necessary.

                                  _____

                                  ALAN E. HIGHERS, JUDGE