NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 22-2574

SUK JOON RYU, also known as James S. Ryu,
                                                    Appellant

v.

BANK OF HOPE

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-18998)
District Judge: Honorable Julien X. Neals

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 12, 2023

Before: PORTER, FREEMAN, and FISHER, *Circuit Judges*

(Opinion filed: August 3, 2023)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

New Jersey recognizes claims for malicious prosecution in criminal actions. In the civil context, New Jersey's courts have repeatedly expressed concern that the analogous tort for malicious use of process claims may chill potential plaintiffs from exercising their right to submit claims to judicial resolution. They hedge against chilling by dismissing this disfavored tort upon proof of a reasonable belief justifying the suit. Bank of Hope sued Suk Joon "James" Ryu based on its belief he was involved in an embezzlement scheme resulting in $1.4 million of losses. Because that belief was not baseless, the District Court issued summary judgment in the bank's favor. We will affirm.

**I**

Bank of Hope discovered that funds were missing from various client accounts. It traced the losses to Miye "Karen" Chon. Two bank employees met with Chon to discuss the discrepancies on January 22, 2014, and she confessed to embezzling funds. The next day, the three of them reconvened, joined by a fourth employee. Chon maintained that she embezzled funds, and she claimed for the first time that Ryu participated. The FBI interviewed Chon two weeks later. Chon first said that Ryu was not involved in the theft, but later recanted, implicating him in the scheme. The bank did not know about the interview until over two years later.

Ryu meanwhile heard rumors that the bank was investigating his potential involvement in the embezzlement scheme. He reached out to the bank's chief legal officer, Lisa Pai. Ryu assured Pai that he was not involved with Chon's embezzlement and agreed to meet with Pai and the bank's outside counsel to discuss the matter. They

2

met on February 13. Ryu informed Pai of a recorded conversation between Chon and him, which he was having transcribed and translated. He promised to turn over a copy of the recording and transcript once finalized.

The next day, Pai met with Chon. Chon explained that she had embezzled money for her own purposes, Ryu caught her, and she started delivering cash to Ryu. Chon retained an attorney and refused to cooperate with the bank after that meeting. The bank's investigation uncovered no evidence of Ryu participating in the embezzlement. Still, Pai believed Chon's account of the embezzlement scheme.

The bank sued Chon and Ryu on March 19, 2014. It claimed they embezzled money from customer accounts—without corroborating evidence, without the transcripts Ryu offered of his conversation with Chon, and before it completed its own investigation. Ryu and the bank settled the embezzlement claims in 2019, but the bank maintained its position that Ryu was involved. Ryu initiated this case in October 2019. He raised a claim for malicious use of process, and the District Court granted summary judgment on that claim when the bank showed that it had probable cause for its embezzlement claim.

## II

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. It has entered judgment on all counts, so this Court has jurisdiction under 28 U.S.C. § 1291.

Ryu appeals the summary judgment on his claim for malicious use of process. This Court exercises plenary review over summary judgments. *Thomas v. Tice*, 948 F.3d 133, 137 (3d Cir. 2020). We review the District Court's decision to enter summary

3

judgment without additional discovery for abuse of discretion. *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 510 (3d Cir. 1994).

## III

Under New Jersey law, plaintiffs can bring claims for improperly invoking judicial power. This family of torts includes malicious prosecution for baseless criminal actions, malicious use of process for analogous civil actions, and malicious abuse of process when employed in a manner not contemplated by law. *LoBiondo v. Schwartz*, 970 A.2d 1007, 1022 (N.J. 2009) (malicious prosecution and use of process); *Tedards v. Auty*, 557 A.2d 1030, 1034 (N.J. Super. Ct. App. Div. 1989) (malicious abuse of process). Ryu claims Bank of Hope engaged in the malicious use of process when it initiated and then maintained the embezzlement action against him based only on the testimony of a known embezzler. As a result, he must show:

1. Bank of Hope instituted a civil action against him;
2. The bank was motivated by malice;
3. There was an absence of probable cause;
4. The action was terminated in his favor; and
5. He suffered a special grievance caused by the institution of the underlying civil action.

*LoBiondo*, 970 A.2d at 1022–23.

The bank moved for summary judgment on this claim. It argued that the undisputed facts showed probable cause, that the underlying action was not favorably terminated, and that Ryu did not suffer a special grievance. The District Court found that the Bank proved its probable cause for the embezzlement action, so it was entitled to judgment.

4

## A

Probable cause for civil actions differs from that for criminal actions. *LoBiondo*, 970 A.2d at 1024. Civil probable cause is "rather elusive," but it is not entirely undefined. *Id.* Probable cause is the legal question "whether, in the prior suit, the facts supported the actor's 'honest belief' in the allegations." *Id.* (citation omitted). An honest belief is "a reasonable belief that there was a good or sound chance of establishing the claim to the satisfaction of the court or the jury." *Id.* (citation omitted). A plaintiff's "reasonable belief that he or she had probable cause will defeat the cause of action entirely." *Id.* at 1025 (citation omitted). When the facts supporting that belief are disputed, the factfinder must find facts. *Id.* at 1024. But whether the facts as found support probable cause remains a legal question.

The New Jersey Supreme Court considers the totality of the circumstances of probable cause to decide malicious prosecution claims. *Brunson v. Affinity Fed. Credit Union*, 972 A.2d 1112, 1122 (N.J. 2009). In *LoBiondo*, it recognized malicious prosecution and use of process as two members of "a group of closely related torts" that are "essentially" analogous. 970 A.2d at 1022. Although there are "significant differences" between them, the court did not contemplate different tests for probable cause. *Id.* So we predict that the New Jersey Supreme Court would also consider the totality of the circumstances for claims of malicious use of process.

Applying that standard here, we decide this case on the bank's honest belief of Chon's account. In *Paul v. National Education Association*, the parties disputed the source of information that led to the action. 459 A.2d 1213, 1215 (N.J. Super. Ct. Law

5

Div. 1983), *aff'd*, 480 A.2d 213 (N.J. Super. Ct. App. Div. 1984). Under the plaintiff's version of the facts, "the only source of this information received by defendants . . . had refused to sign an affidavit supporting his earlier statements and indicated . . . that his earlier statements were based on rumor and speculation." *Id.* at 1217. Yet the court concluded that the defendants had sufficient probable cause to bring the underlying action. *Id.*

The bank offered similar undisputed evidence of its probable cause. At the time it filed its action, it knew Chon had been embezzling money, and Chon was the only known source with personal knowledge of the embezzlement scheme. Chon told Pai that she transferred over $700,000 of those funds to Ryu. Pai believed Chon and thought she was cooperating with the bank's investigation. The bank thought Ryu's financial motive, his opportunity to conspire with Chon, and his means of hiding embezzlement pointed to Ryu's involvement. These facts fall within *Paul*'s contours, so the undisputed record shows that the bank had probable cause to initiate the embezzlement action. *See also Westhoff v. Kerr S.S. Co.*, 530 A.2d 352 (N.J. Super. Ct. App. Div. 1987) (probable cause for suit against embezzler's spouse when she benefitted from the wrongful proceeds and jointly held property with the embezzler).

Ryu asked the District Court to deny summary judgment because the bank knew of exculpatory evidence. Ryu contends that he produced evidence that "creates an issue of triable fact on the issue of the Bank's lack of probable cause." Appellant's Br. 41. Taken literally, that argument fails because probable cause is a legal question. *LoBiondo*,

6

970 A.2d at 1024. But even if we read his argument as positing a genuine dispute of fact material to that legal question, his argument still fails.

Ryu provides 14 purported facts of the bank's knowledge and beliefs. None of these facts is material to the bank's probable cause when it filed the embezzlement action; some had not occurred or were not known to the bank until after the action was filed. The thrust of Ryu's argument from these facts is that Chon utterly lacks credibility such that the bank unreasonably relied on her statements. The District Court called that evidence fodder for cross-examination. But it did not err by deciding that impeachment evidence does not undermine the bank's probable cause to sue.

We must then decide whether the bank needed probable cause to continue the suit. Before *LoBiondo*, the New Jersey Supreme Court asked whether "the proceeding *was instituted* without probable cause." *Earl v. Winne*, 101 A.2d 535, 543 (N.J. 1953) (emphasis added); *see also Penwag Prop. Co. v. Landau*, 388 A.2d 1265, 1266 (N.J. 1978) (plaintiff for malicious prosecution "must show that the suit *was brought* without reasonable or probable cause" (emphasis added)). *LoBiondo* maintained that requirement when it provided the elements of the claim. 970 A.2d at 1022. But the court went on to say that "[m]alicious prosecution provides a remedy for harm caused by the *institution or continuation*" of a baseless action. *Id.* (emphasis added). It then recognized malicious use of process as "essentially the analog" claim for civil actions. *Id.*

We need not guess whether malicious use of process claims remediate harms caused by the continuation of a baseless action. Even if they do, there is no case law suggesting the bank should be liable here. The testimony of one witness can be enough to

provide probable cause for a suit. *Paul*, 459 A.2d at 1215. The jury decides whether that testimony is credible; a plaintiff is not required to assume that the jury will disbelieve its witnesses when deciding whether it has probable cause. From these principles, it should follow that the bank's probable cause to initiate the suit—testimony from someone with personal knowledge of the embezzlement scheme—would persist until a jury decides that person is not credible. Requiring the bank to dismiss its action at any other time would demand an arbitrary line-drawing exercise. So, considering the totality of the circumstances, we conclude that the bank had probable cause to maintain its embezzlement action against Ryu.

**B**

In his final point, Ryu argues the District Court granted summary judgment prematurely. This Court reviews that decision for an abuse of discretion. *Pastore*, 24 F.3d at 510. We affirm unless the decision is "arbitrary, fanciful, or clearly unreasonable." *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d. Cir. 2002) (quoting *Stich v. United States*, 730 F.2d 115, 118 (3d Cir. 1984)).

The bank moved for summary judgment on the third, fourth, and fifth elements of malicious use of process. The District Court reviewed those elements, considered the bank's evidence, and determined more discovery was necessary for the fourth and fifth elements. The Court concluded that the record showed the bank had probable cause and that more discovery would be futile—the bank defeated Ryu's motion for summary judgment in the underlying suit after five years of litigation. Probable cause for civil actions may be an elusive concept, but a party that survives summary judgment has it.

8

The District Court exercised reasoned judgment, so it did not abuse its discretion by refusing additional discovery.

## IV

For the reasons stated above, we will affirm.